## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MELANIE WALSH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>GLOBAL MARKETING RESEARCH SERVICES, INC., a Florida corporation, and ANTHONY DIANA, individually,<br><br>*Defendants.* | Case No. 6:14-cv-1290-ORL-31-KRS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Melanie Walsh ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants Global Marketing Research Services, Inc. ("GMRS") and Anthony Diana ("Diana") (collectively "Defendants"), alleging that Defendants make repeated autodialed calls to the cell phones of consumers nationwide without their consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff seeks to obtain redress and injunctive relief for all persons similarly situated and injured by the conduct of Defendants. Plaintiff alleges upon personal knowledge, information, and belief, including investigation conducted by her attorney, the following circumstances.

### NATURE OF THE ACTION

1. Defendants are in the business of conducting telephone surveys by making autodialed calls to thousands of consumers nationwide.

2. To collect survey data, Defendants repeatedly make autodialed telephone calls to the cell phones of Plaintiff and the other members of the putative

Class without consent, all in violation of the TCPA.

3. By making these autodialed calls, GMRS caused harm, including aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of repeated autodialed calls to Plaintiff and members of the Class as well as charges from their wireless carriers for the receipt of these autodialed calls to their cell phones.

4. The TCPA was enacted to protect consumers from autodialed phone calls exactly like those alleged and described herein. In response to Defendants unlawful conduct, Plaintiff filed this lawsuit seeking injunctive relief, requiring Defendants to cease all autodialed telephone calling activities to cell phones as well as an award of statutory damages to the members of the Class under the TCPA, costs, and reasonable attorneys' fees.

## PARTIES

5. Plaintiff is a natural person over the age of Eighteen (18) and a citizen of the State of North Carolina.

6. Defendant GMRS is a Florida corporation with a principal place of business located at 1507 Aurora Road, Suite C, Melbourne, FL.

7. Defendant Diana is an individual resident of the State of Florida and is the President and Registered Agent of GMRS.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because her TCPA claims arise under the laws of the

United States, specifically 47 U.S.C. § 227.

9. This Court has personal jurisdiction over Defendants GMRS and Diana because they maintain a business office and reside in this district, and many of the wrongful acts alleged in this Complaint were committed in Florida.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants GMRS and Diana maintain a business office and reside in this district.

11. On information and belief, Defendants GMRS and Diana are alter egos of each other. A unity of interest and ownership exists between them such that any separateness has ceased to exist, there is a commingling of property rights or interests such that Defendants GMRS and Diana essentially function as one, and they have acted in concert in doing the acts alleged in this Complaint. In addition, upon information and belief, the conduct that gives rise to the claims for relief alleged herein was committed by, or on behalf of, Defendants GMRS and Diana, and harmed Plaintiff and the proposed Class. Therefore, to avoid an unjustified loss to Plaintiff and the Class, or to avoid oppression, fraud, and inequity, recognition of Defendants GMRS' and Diana's separate corporate status should be disregarded.

12. On information and belief, Defendant Diana directly and personally participated in, directed and/or authorized, and ratified the conduct constituting the statutory violations alleged herein. On information and belief, Defendant Diana established and/or approved GMRS's policies and practices, oversaw operations, and was directly involved in the business practices that violated the TCPA.

## COMMON FACTUAL ALLEGATIONS

13. Defendants do business as a telephone research service company that conducts telephone surveys for business and political purposes using widespread telephone survey campaigns through their autodialer on a broad range of topics from local issues, national questions, medical surveys, retail preferences, and more.

14. In placing the calls which form the basis of this Complaint, Defendants utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendants have the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

15. In fact, Defendant GMRS admits on its website that:

> GMRS currently has a phone room with a total of 206 stations all with predictive capabilities…Our dialing system, upgraded in 2011, features full predictive capabilities on every line…this capacity enables us to perform nearly 4 million digitized (30 second) calls per day." [1]

16. When placing these calls to consumers, Defendants fail to get the consent of cell phone owners/users to make such calls required by the TCPA.

17. Defendant GMRS's website states that "we also have extensive experience dialing from RDD samples [random digit dialing]."[2]

18. While this "random dialing" method of collecting survey responses may

---

[1] *See* http://www.polling.net/technology/

[2] *See* http://www.polling.net/businessandconsumer/

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF 4

be within the letter of the law for calls placed to landline ("wireline") telephones, the same calls to cell ("wireless") phones are specifically not permitted without prior consent. As noted by the Federal Communications Commission ("FCC") in its 2012 order:

> Additionally, we note that many commenters expressed concern about obtaining written consent for certain types of autodialed or prerecorded calls, including debt collection calls, airline notification calls, bank account fraud alerts, school and university notifications, research or survey calls, and wireless usage notifications. Again, such calls, to the extent that they do not contain telemarketing messages, would not require any consent when made to residential wireline consumers, but *require either written or oral consent if made to wireless consumers* and other specified recipients.[3] [Emphasis added].

19. Defendants have no consent (oral or written) to make these autodialed survey calls to random cell phone numbers.

20.    Consumer complaints about Defendants invasive and repetitive autodialed calls are legion. For example, a single online complaint board has twenty-eight pages of complaints (approximately 560 complaints) from consumers receiving unwanted and repeated calls from Defendants.[4]

Some examples from those consumer complaints follow:

> -    I've been getting calls from 1-800-251-5850. This is happening 5 or 6 times a day. I was not answering, then decided maybe if I answer they would stop calling. No one is on the line when I answer. Can I do anything about this?
>
> -    Over a dozen calls the past few days, how these guys have not been shut down by now is amazing.
>
> -    Constant calls   do not answer them   they keep calling

---

[3] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC 12-21, CG Dkt. 02-278.
4. See http://800notes.com/Phone.aspx/1-800-251-5850

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          5

back Even call after 9 pm !! Daily annoying persistent !!!

- this number calls my home and cell 5+ times per day. Going to give them an earful on the next call. I've had it!!!!!!!!!! No one is ever there when I pick up to give 'em hell. Today will be the day. Today is Sunday 3pm and I've had 3 calls at home and 3 on the cell. Best of luck to the rest of you fighting this number too.

- THIS PHONE CALLS MY CELL PHONE CONTSANTLY AND I AM TIRED OF IT, THEY CLAIM THEY ARE A MARKETING RESEARCH AND ARE NOT SUJECT TO THE DO NOT CALL, THATS A BUNCH OF CRAP, LET ME CATCH THE FRICKING CALL AND I WILL LIGHT THEIR A***S UP, BECAUSE THEY ARE COSTING ME MONEYN BECAUSE THE CALL IS FROM A LAND LINE AT A BUSINESS, I GET CHARGED BY MY CELL PHONE COMPANY FOR CALLS AS THESE, THEY NEED TO STOP CALLING ME NOW!

21. Defendants have full knowledge that they are placing autodialed telephone calls to the cell phones of consumers without their consent and in the face of hundreds of consumer complaints.

**ALLEGATIONS SPECIFIC TO PLAINTIFF WALSH**

22. Starting in or around March 2014, Plaintiff began receiving calls on her cell phone from the phone number (800) 251-5850.

23. Initially, Plaintiff ignored these calls. However, when the calls persisted, Plaintiff answered the calls in order to determine their source. When she answered, there was a noticeable pause before she was connected to a live operator.

24. When the operator came on the line, he identified himself and informed Plaintiff that he was conducting a survey.

25. Defendants are and were aware that these autodialed telephone calls

were being made to the cell phones of consumers like Plaintiff who had not given consent to receive them.

## CLASS ACTION ALLEGATIONS

26. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of herself as well as the class ("Class") defined as:

> All individuals in the United States (1) who received a telephone call; (2) on his or her cell phone; (3) from the phone number 800-251-5850, and (4) for whom Defendants has no current record of oral or written consent to place such calls to these individuals.

Excluded from the Class are:

(1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current and former employees, officers, and directors,

(2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family,

(3) persons who execute and file a timely request for exclusion,

(4) the legal representatives, successors, or assigns of any such excluded person, and

(5) Counsel for Plaintiff, Defendant GMRS or Defendant Diana.

27. **Numerosity:** The exact size of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed calls to thousands of consumers who fall into the definition of this Class. Members of the Class can be easily identified through Defendants' records.

28. **Commonality and Predominance:** Many questions of law and fact are common to the claims of Plaintiff and the Class. Those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendants' conduct constitutes a violation of the TCPA;

    (b)    Whether Defendants' systematically made telephone calls to members of the Class without having current records of consent to make such telephone calls from the Class; and

    (c)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

29.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class. She has retained counsel who is competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Further, Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

30.    **Appropriateness:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring this Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly. Plaintiff's challenge of those practices hinges on the conduct of Defendants with respect to the Class as a whole, not on facts

or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## COUNT ONE
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendants made autodialed telephone calls to cell phone numbers belonging to Plaintiff and other members of the Class without consent to receive such calls.

33. Defendants made the telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

34. The telephone dialing equipment utilized by Defendants, also known as a predictive dialler, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner.

35. By making the autodialed telephone calls to Plaintiff and the Class members' cell phones without their prior consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

36. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class are each entitled to a minimum of Five Hundred Dollars ($500.00) for each such violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B).

37. Should the Court determine that Defendants' conduct was wilful and knowing, then this Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Walsh individually and on behalf of the putative Class, prays for the following relief:

1. An order certifying the Class as defined *supra*;

2. Appointing Plaintiff as the representative of the Class;

3. Appointing the undersigned counsel as counsel for the Class;

4. Declare that Defendants and/or their affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

5. Enjoin Defendants and/or their affiliates, agents, and/or other related entities as provided by law, from engaging in the unlawful conduct set forth herein;

6. Award Plaintiff and the Class statutory and exemplary damages as allowed by law;

7. Award Plaintiff and the Class attorney's fees and costs, all allowed by

law and/or equity;

8. Permit Plaintiff and the Class leave to amend the Complaint to conform to the evidence presented at trial; and

9. Grant such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: August 7, 2014       Respectfully submitted,

> By: /s/ Stefan Coleman
> Stefan Coleman, Esq., Trial Counsel
> Attorney for Plaintiff and the putative Class
> Florida Bar no. 0030188
>
> LAW OFFICES OF STEFAN COLEMAN, LLC
> 201 South Biscayne Boulevard, 28th Floor
> Miami, Florida 33131
> Tel:877.333.9427
> law@stefancoleman.com