## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT MARTIN and KRISTIN ARMSTRONG, individually and on behalf of all others similarly situated, | Case No. 6:14-cv-1290-ORL-31-KRS |
| Plaintiffs, | CLASS ACTION |
| v. | JURY TRIAL DEMANDED |
| GLOBAL MARKETING RESEARCH SERVICES, INC., a Florida corporation, and JOHN DOES 1-100, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**................................................................................................1

    **I.**    **FACTUAL BACKGROUND**.................................................................2

         **A. Facts Applicable to Plaintiff and All Members of the Putative Classes.**.................................................................................2

         **B. The Proposed Classes** .........................................................3

    **II.**    **THE PROPOSED CLASSES SATISFY EACH OF THE REQUIREMENTS FOR CERTIFICATION.** ................................4

         **A. The Proposed Classes Meet the Requirements of Rule 23(a).** .................5

             i. *The Numerosity Requirement is Satisfied.* .........................................5

             ii. *The Commonality Requirement is Satisfied.* .....................................6

             iii. *Plaintiffs' Claims are Typical of the Classes.*...................................8

             iv. *The Adequacy of Representation Requirement is Satisfied.*..............10

          **B. The Proposed Classes Meet the Requirements of Rules 23(b)(2) and 23(b)(3).**................................................................11

             i. *Rule 23(b)(2) is Satisfied.* ...............................................................11

             ii. *Rule 23(b)(3) is Satisfied.* ...............................................................12

    **CONCLUSION** ................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**United States Supreme Court Cases**

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, (1997) ...............................................13

*Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006) ...........................................................9

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)........................................4

*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (1974)....................................................5

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ..................................................7

*Green v. Mansour*, 474 U.S. 64 (1985).........................................................................9

*United States Parole Comm'n v. Geraghty,* 445 U.S. 388 (1980)................................13

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ........................................7, 12

**United States Circuit Court of Appeals Cases**

*Appleyard v. Wallace*, 754 F.2d 955 (11th Cir. 1985) ..................................................9

*Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183 (11th Cir. 2009).....................................5

*Cooper v. S. Co.*, 390 F.3d 695 (11th Cir. 2004) .........................................................9

*Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986)...................................6

*Heffner v. Blue Cross & Blue Shield of Ala., Inc.,* 443 F.3d 1330 (11th Cir. 2006).................5, 11

*Hines v. Widnall*, 334 F.3d 1253 (11th Cir. 2003) .......................................................8

*Kennedy v. Tallant*, 710 F.2d 711 (11th Cir. 1983) ......................................................9

*Kerr v. City of W. Palm Beach,* 875 F.2d 1546 (11th Cir. 1989)..................................12

*Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987) ............................10

*Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004) ......................................4, 5, 12

*Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir. 1984) ...................9

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) ........................8

**United States District Court Cases**

*Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692 (S.D. Fla. 2004)...........................................12, 13

*Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679 (S.D. Fla. 2006) .........7

*Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54 (S.D. Fla. 1990) ...................................................8

*Cheney v. Cyberguard Corp.*, 213 F.R.D. 484 (S.D. Fla. 2003)......................................................7

*Diaz v. Hillsborough Cnty. Hosp. Auth.*, 165 F.R.D. 689 (M.D. Fla. 1996) ...............................11

*Edmonds v. Levine*, 233 F.R.D. 638 (S.D. Fla. 2006).....................................................................6

*In re Terazosin Hydrochloride*, 220 F.R.D. 672 (S.D. Fla. 2004).................................................4

*Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 (M.D. Fla. 2000)............................................7

*Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601 (S.D. Fla. 2002) .................................................6

*Pop's Pancakes, Inc. v. NuCO2, Inc.,* 251 F.R.D. 677 (S.D. Fla. 2008)........................................8

*Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675 (S.D. Fla. 2009)...........................................................11

*Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315 (S.D. Fla. 1996) ..................................................5, 6

**Statutory Provisions:**

Fed. R. Civ. P. 23 ...................................................................................................... *passim*

## INTRODUCTION

Plaintiffs  Robert Martin ("Martin") and Kristin Armstrong ("Armstrong") (collectively referred to as the "Plaintiffs"), by and through their undersigned counsel, hereby respectfully move the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), but requests that the Court enter and continue the instant motion until the deadline of June 16, 2016 set out by the Court for dispositive motions, including any class certification motion, in the Case Management and Scheduling Order [dkt 28], at which time Plaintiffs will submit an amended memorandum of points and authorities in support of class certification.[1]

This matter easily satisfies Rule 23's requisites to class certification. Through a common course of conduct, Defendant Global Marketing Research Services ("GMRS") does business as a telephone research service company that conducts telephone surveys for business and political purposes for its clients, the John Doe co-Defendants, using widespread telephone survey

---

[1]     Plaintiffs recognize that according to the Dec 1, 2014 Case Management and Scheduling Order [dkt 28], that the Court set a deadline on the dispositive motions including the class certification motion of June 16, 2016.  However, Plaintiffs file this motion to prevent Defendants from attempting a so-called "buy off" to moot their representative claims (*i.e.*, tendering to them the full amount of their individual damages alleged in the Complaint). *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."). While the law of this Circuit specifically rejects *Damasco*, *see Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 707 (11th Cir. 2014) ("In all events, the *Damasco* approach would produce unnecessary and premature certification motions in some cases and unnecessary gamesmanship in others…We join the majority of circuits and decline to follow *Damasco*"), on May 18, 2015 the United States Supreme Court granted certiorari in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014) *cert. granted*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), putting the current state of the law on this issue somewhat into question. As such, out of an abundance of caution Plaintiffs file this placeholder motion and respectfully ask the Court to continue consideration of its merits until they have had an opportunity to complete discovery on class issues as outlined in the Case Management and Scheduling Order [dkt 28].

campaigns on a broad range of topics from local issues, national questions, medical surveys, retail preferences, and more. GMRS and/or the John Doe Defendants that hired them obtained the cell phone numbers of thousands of consumers from voter registration rolls, and thereafter, GMRS used an automatic telephone dialing system to repeatedly call them on their cellular phone without their prior express consent. Through that conduct, GMRS and the John Doe Defendants[2] not only harassed each member of the putative Class but also repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby entitling the recipients of the unauthorized calls to statutory damages and injunctive relief.

While this "random dialing" method of collecting survey responses may be within the letter of the law for purely informational, non-telemarketing calls placed to landline (wireline) telephones, the same autodialed calls to cell (wireless) phones are specifically not permitted without *prior* express oral or written consent. GMRS made all of the calls in the same manner and without the prior express consent of Martin or Armstrong or any of the other members of the proposed Class. Likewise, the injuries suffered by Martin, Armstrong, and the members of the Class as a result of Defendants' conduct are nearly identical. That is, each member of the Class was subjected to the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls, the attendant invasion of privacy, and the interference with the use of

---

[2]    Plaintiff has previously requested via interrogatories that GMRS identify the third party clients on whose behalves it made the calls. *See Toney v. Quality Resources, Inc.*, No. 13 CV 42, 2014 WL 6757978, at *5 (N.D. Ill. Dec. 1, 2014) (discussing agency principles in context of TCPA and explaining that a principle may be liable for calls made by marketer where principle knows of calls, influences their substance, and/or receives benefits from the calls). GMRS has refused to identify such third parties. The Parties' prior meet and confer failed to result in a resolution of this dispute and, as such, it will likely be included in a forthcoming motion to compel. Plaintiff's counsel has reached out to GMRS's counsel to resolve this and other disputes to provide GMRS with a final opportunity to disclose its clients on whose behalves it made its calls. Of course, the identity of such third parties and their potential liability under the TCPA are common questions with respect to each class member.

their phones that entitling them to a nearly identical calculation of actual and statutory damages under the TCPA.

For these reasons and as discussed further herein, the proposed Class meets each of the requisites to certification under Federal Rules 23(b)(2) and (b)(3), and the instant motion may be granted in its entirety. Notwithstanding this, Martin and Armstrong respectfully request that the Court: (i) enter and reserve ruling on their Motion for Class Certification until the June 16, 2016 deadline set out in the Case Management and Scheduling Order [dkt 28] entered by the Court on December 1, 2014 for June 16, 2016, (ii) continue with the discovery process with respect to class-wide issues as contemplated in the Case Management and Scheduling Order, (iii) grant Martin and Armstrong leave to file a supplemental memorandum in support of their Motion for Class Certification upon the conclusion of class-wide discovery, but in no event later than June 16, 2016, (iv) grant Martin and Armstrong's Motion for Class Certification after full briefing of the issues presented herein; and (v) provide all other and further relief that the Court deems reasonable and just.

## I.     FACTUAL BACKGROUND

### A.     Facts Applicable to Martin, Armstrong, and All Members of the Putative Class.

Starting in or around March 12, 2014, Plaintiff Robert Martin, a resident of North Carolina, began receiving multiple calls per day on his cell phone from the phone number (800) 251-5850. Initially, Plaintiff Martin tried to answer these calls. When he would answer the calls, however, the calls would immediately and automatically hang up on him. Frustrated, he called back to find out who it was and realized that it was some sort of survey or telemarketing company from which he had no interest in receiving calls. Plaintiff Martin continued to receive calls through April 28, 2014. These calls tied up Plaintiff Martin's cell phone line, in addition to

the nuisance and aggravation of having to attend to unsolicited and repeated calls to his personal

cell phone. Plaintiff Martin estimates that he received at least 15 of these calls.

Likewise, starting in or around the beginning of August, 2014 Plaintiff Armstrong, a

resident of New Hampshire, began receiving multiple calls per day on her cell phone during

work hours from the phone number (800) 251-5850. Plaintiff Armstrong initially answered

GMRS's call at work, and then after hearing who GMRS was, immediately told GMRS not to

call her again. Even though Plaintiff Armstrong told GMRS's operator to stop calling her,

GMRS continued to automatically dial her cellular phone multiple times per day over the next

two weeks. Plaintiff Armstrong received no less than eight (8) phone calls from GMRS.

Defendants were aware that these telephone calls were being made to the cell phones of

Martin, Armstrong, and all members of the Class who had not given prior express oral or written

consent to Defendants to call them. Defendant GMRS made thousands of autodialed calls to

consumers cell phones across the nation for this purpose. GMRS used an automatic telephone

dialing system to make these calls without ever obtaining the prior express consent of the call

recipients.

    **B.**    **The Proposed Class**

As a result of Defendants' conduct described above, Martin and Armstrong brought the

instant lawsuit and now seeks certification of a nationwide class (the "Class"):

> All individuals in the United States (1) to whom GMRS made a telephone call,
> between August 11, 2010 to the present, (2) to his or her cell phone; (3) from the
> phone number 800-251-5850, and (4) for whom GMRS claims it obtained consent
> to call in the same manner that GMRS contends it obtained consent to call the
> Plaintiffs.

The following people are excluded from the Classes: (1) Defendants, Defendants' agents,

subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their

parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, (5) Counsel for Martin, Armstrong, or GMRS, and (6) all Persons in states where any federal class action has been filed against GMRS seeking certification of a class limited to the persons of such states, including without limitation California and Pennsylvania.

As demonstrated below, the proposed Class meets each of Rule 23's requisites to certification, and therefore, the instant motion should be granted in its entirety.[3]

## II.   THE PROPOSED CLASS SATISFIES EACH OF THE REQUIREMENTS FOR CERTIFICATION.

A class should be certified pursuant to Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) have been satisfied. Fed. R. Civ. P. 23; *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004) *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). Rule 23(a) requires that the proposed class be so numerous that joinder of all individual class members is impracticable (numerosity); that there are common questions of law and fact that affect all class members (commonality); that the proposed representative's claims are typical of those of the class (typicality); and, that both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). *See Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1189 – 90 (11th Cir. 2009); *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 684 (S.D. Fla. 2004).

---

[3]     Plaintiff anticipates a potential need to revise the definition of the Class following a reasonable period for discovery.

Martin and Armstrong seek certification of the proposed Class pursuant to both Rule 23(b)(2) and 23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the proposed class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2); *see also Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1344 (11th Cir. 2006). Likewise, in order to certify a class under Rule 23(b)(3), a named-representative must demonstrate (i) that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and (ii) that the class mechanism is superior to other available methods for fairly and efficiently adjudicating the controversy. *Klay*, 382 F.3d at 1251.

Finally, in determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 (1974); *see also Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fla. 1996) ("Moreover, and most importantly, in determining whether to certify a class, the Court is not to examine the underlying merits of the claims."). Indeed, a court should only consider "the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Babineau*, 576 F.3d at 1190. Thus, courts are required to analyze the allegations of the complaint and any evidence submitted by the parties with a presumption in favor of certification. *Id.*

## A.     The Proposed Class Meets the Requirements of Rule 23(a).

### i.     *The Ascertainability and Numerosity Requirements are Satisfied.*

As an initial matter, the class is ascertainable. Class membership here is entirely objective: consumers either received GMRS's calls on their cell phones or they did not. There is no subjective component.

Numerosity is satisfied as well. The first express requirement of Rule 23(a) is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1); *see Walco Invs., Inc.*, 168 F.R.D. at 324 (holding that the size of the class is the most important factor in determining whether joinder is impracticable). In determining numerosity, the court need not calculate the precise number of class members, and may make common sense assumptions. *See Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601, 605 (S.D. Fla. 2002) (citing *Evans v. United States Pipe and Foundry Co.*, 696 F.2d 925 (11th Cir. 1983)). Generally, the numerosity requirement is not met with numbers less than 21, but is satisfied when the class comprises 40 or more members. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *Martinez*, 213 F.R.D. at 605.

Here, Martin and Armstrong allege—and discovery will show—that Defendants have made unsolicited phone calls to thousands of individuals who fall into the definition of the Class. (Compl. ¶¶ 34); s*ee Edmonds v. Levine*, 233 F.R.D. 638, 640 – 41 (S.D. Fla. 2006) (finding that "[t]here is no question" that the numerosity requirement is satisfied when plaintiffs estimate a class consisting of "thousands"); *Heastie v. Cmty. Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); *Newberg on Class Actions* § 3:5, 243 – 46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). GMRS has revealed that it called thousands, if not millions, of cell phone users. Accordingly, the proposed Class easily satisfies the numerosity

requirement.[4]

      *ii.*   *The Commonality Requirement is Satisfied.*

  The second prerequisite to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality requirement, the representative plaintiff is required to demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Even so, "[t]he threshold for commonality is not high." *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679, 691 (S.D. Fla. 2006) (quoting *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003)). As such, "[n]ot all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D. Fla. 2000).

  Here, Martin, Armstrong, and the Class' claims are based upon the same common contention: that Defendants violated the proscriptions of the TCPA when they called the cell phones of consumers without their prior express consent to call them. Defendants made the calls systematically and their conduct affected Martin, Armstrong, and the members of the Class in a virtually identical manner (*i.e.*, subjecting them to the aggravation and nuisance inherently associated with the receipt of such calls, interfering with their use and enjoyment of the phones). Moreover, Defendants' unlawful conduct will be proven through the use of common and

---

[4]  To the extent the Court requires additional details regarding the number of members in the Class, such information may be obtained from GMRS's records through discovery.

generalized evidence applicable to each of the Class members as a whole. For exampled, GMRS has indicated that its clients obtained cell phone numbers from voter registrations. As such, to the extent GMRS asserts that it obtained Martin's and Armstrong's prior express consent via voter registration rolls, whether that was sufficient to satisfy the TCPA's requirement for prior express consent (47 U.S.C. § 227(b)(1)(A)) presents a common legal issue.

As a result, the common issues for the Class that are answerable in a single stroke include, but are not necessarily limited to (i) whether GMRS's calls violated the TCPA; (ii) whether GMRS systematically made telephone calls to members of the Class without first obtaining prior express oral or written consent to make the calls, (iii) whether GMRS used an ATDS to make its calls, (iv) whether any defense by GMRS that it obtained consent comports with or violates the TCPA's requirement of *prior* express consent, (v) and whether GMRS's clients, the John Doe Defendants, oversaw, controlled, or approved of GMRS's calls, received the benefits of such calls, or ratified such calls. *See Toney v. Quality Resources, Inc.*, No. 13 CV 42, 2014 WL 6757978, at *5 (N.D. Ill. Dec. 1, 2014) (discussing agency liability under the TCPA). Accordingly, the commonality requirement is met as well.

### iii.    *Plaintiffs' Claims are Typical of the Class.*

Typicality, the next requirement under Rule 23, requires that Martin's and Armstrong's claims be typical of those of the other members of the putative Class. Fed. R. Civ. P. 23(a)(3). "[T]ypicality measures whether a significant nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall,* 334 F.3d 1253, 1256 (11th Cir. 2003) (internal quotation omitted). The purpose of the typicality requirement is to ensure that "the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Prado-Steiman ex rel. Prado v.*

*Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Thus, typicality is satisfied where, in proving his or her own case, "the representative plaintiff [also] establishes the elements needed to prove the class members' case . . . ." *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 683 (S.D. Fla. 2008) (citing *Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990)).

Here, Martin, Armstrong, and the members of the proposed Class were each subjected to Defendants' common course of conduct. That is, they each received one or more unsolicited calls from Defendants despite the fact that they did not give Defendants prior express consent to call them. As a result of Defendants' conduct, Martin, Armstrong, and the members of the Class suffered substantially similar harm from Defendants' calls, entitling them to nearly identical statutory damages provided by the TCPA. (*Id.* ¶¶ 4, 48.)  As such, by Martin and Armstrong prevailing on their own claims, they will necessarily prove the claims of the other class members in satisfaction of Rule 23(a)(3)'s typicality requirement.[5]

                iv.    *The Adequacy of Representation Requirement is Satisfied.*

Finally, Rule 23(a)'s last requirement demands that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

---

[5]     Plaintiff's claims are additionally typical of those of the Class because they "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *see also Cooper v. S. Co.*, 390 F.3d 695, 714 (11th Cir. 2004) (finding that "[n]either the typicality nor the commonality requirement mandates that all putative class members share identical claims, and . . . factual differences among the claims of the putative members do not defeat certification.") *overruled on other grounds, Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 – 58 (2006). Indeed, even if there were substantial factual differences (there are not), the "strong similarity of legal theories [would] satisfy the typicality requirement." *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985) *overruled on other grounds by Green v. Mansour*, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); *see also Cooper*, 390 F.3d at 714 (finding that a named representative need only share the same "essential characteristics" of the larger class). Thus, because Defendants' uniform—and unlawful—course of conduct was directed at both Plaintiff and the members of the Classes, the typicality requirement is satisfied here. *See Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983).

Fulfilling this requirement mandates that: (i) the class representative possesses no interests antagonistic to the class, and (ii) class counsel is competent. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 – 28 (11th Cir. 1987).

Martin and Armstrong have the same interests as the other members of the Class. They received unauthorized telephone calls from Defendants as a result of Defendant's uniform course of unlawful conduct. Therefore, like the other members of the Class, their interest is in ensuring that Defendants' conduct does not continue in the future and that they and the other members of the Class recover the damages and injunctive relief to which they are entitled. Martin and Armstrong have no interests antagonistic to those of the Class and are willing to actively engage in the litigation, answer discovery, and protect the Class's interests.

Similarly, Martin and Armstrong's counsel, Stefan Coleman, Steven Woodrow, and Patrick Peluso are well-respected members of the legal community, who have substantial experience in class actions of similar size, scope, and complexity to the instant action. Stefan Coleman is deeply familiar with the TCPA, and in the past eight years has regularly engaged in major complex litigation including the TCPA and consumer technology issues. Likewise, the attorneys of Woodrow & Peluso, LLC regularly engage in complex TCPA litigation. Additionally, both firms have the experience and resources necessary to successfully prosecute litigation of this nature.

Thus, both Plaintiffs Martin and Armstrong and their counsel Stefan Coleman, Steven Woodrow, and Patrick Peluso, are more than adequate to represent the putative Class, and the final requisite to certification under Rule 23(a) is satisfied.

B.  **The Proposed Class Meets the Requirements of Rules 23(b)(2) and 23(b)(3).**

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule

23(b) must be satisfied. Here, Martin and Armstrong seek certification of the proposed Class under both sections (b)(2) and (b)(3).

>    i.    *Rule 23(b)(2) is Met.*

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." *See also Heffner,* 443 F.3d at 1344. In cases in which the defendants have acted in a manner generally applicable to the class, and the relief sought is predominantly injunctive in nature rather than essentially a claim for damages, the proposed class may be certified under Rule 23(b)(2). *Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675, 684 (S.D. Fla. 2009). Additionally, the requirement that the defendant act on grounds generally applicable to the 23(b)(2) class is encompassed in the commonality requirement of Rule 23(a), and where a court finds that the commonality requirement is met, the court should also find that the Plaintiffs have satisfactorily alleged that the defendants acted on grounds generally applicable to the class. *Diaz v. Hillsborough Cnty. Hosp. Auth.*, 165 F.R.D. 689, 695 (M.D. Fla. 1996).

There should be no question that Defendants acted on grounds generally applicable to the Class as a whole. Indeed, Defendants made virtually identical phone calls to Martin and Armstrong and each of the other members of the putative Class without first obtaining their prior express consent. Defendants used the same automatic telephone dialing system to make the calls and obtained Martin, Armstrong, and the Class' phone numbers in the same unauthorized manner *(i.e.*, via voter registration information). Ultimately, Defendants' conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief is necessary to protect Martin, Armstrong, and the other members of the Class from that conduct in

the future.

Thus, Plaintiffs meet the requirements of Rule 23(b)(2) here.

ii.      *Rule 23(b)(3) is Satisfied.*

Martin and Armstrong also seek certification of the proposed Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. This case meets both of these requirements.

When considering predominance, "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Klay*, 382 F.3d at 1254. The "inquiry into whether common questions predominate over individual questions is generally focused on whether there are common liability issues which may be resolved efficiently on a class-wide basis." *Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692, 700 (S.D. Fla. 2004); *see Dukes*, 131 S. Ct. at 2551 – 57. Common questions that predominate over individual issues are those that are "subject to generalized proof, and thus applicable to the class as a whole . . . ." *Kerr v. City of W. Palm Beach,* 875 F.2d 1546, 1558 (11th Cir. 1989) (internal citations and quotations omitted).

In this case, the claims of Martin, Armstrong, and the other members of the Class all arise from Defendants' standardized conduct of making unauthorized calls to their cell phones, using the same automatic telephone dialing equipment to do so, and having obtained their phone numbers and supposed prior express consent to call them in the same manner (from GMRS's clients, who supposedly obtained consent via voter registrations). Thus, the common questions described above predominate over any issues affecting only individual members of the Class

13

(*e.g.*, the total number of calls received by each individual member of the Class). Moreover, the evidence necessary to prove Martin, Armstrong's, and the Class' claims—including the content of the calls, the manner and means by which Defendants sent the calls, to what phone numbers they were sent, and the manner by which Defendants obtained those phone numbers and supposed consent to call—will come from within Defendants' own records (as supported by class member records, as needed). Hence, the only claims at issue in this case—Defendants' violations of the TCPA—present numerous common and predominant issues for the Class and are subject to generalized proofs. As such, the predominance requirement is also satisfied.

Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. "The inquiry into whether the class action is the superior method for a particular case focuses on increased efficiency." *Agan*, 222 F.R.D. at 700 (quotation omitted). Class actions are particularly appropriate when they function as "[a] convenient and economical means for disposing of similar lawsuits, and the facilitation of the spreading of litigation costs among numerous litigants with similar claims." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1246 (11th Cir. 2003) (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402 – 03 (1980)); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (stating that the "very core of the class action mechanism is to overcome the problem that small recoveries do not provide an incentive for any individual to bring a solo action prosecuting his or her rights").

The instant class action is superior to other available methods for litigating Martin, Armstrong's, and the other Class' claims. Absent class treatment, each individual member of the Class would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials

conducted at enormous expense to both the judicial system and the litigants. Moreover, apart from separate, state-specific litigation such as the *Zilveti v. Global Marketing Research Services, Inc.*, 3:15-cv-02494-KAW (N.D. Cal. 2015) case pending in California and potentially others that are filed, there is no indication that members of the Class have a strong interest in pursuing separate cases or individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Similarly, class certification would promote consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is satisfied as well.

As a final matter, this Local Rule 4.04 asks Plaintiff to "suggest a means of providing, and defraying the cost of, the notice required by Rule 23(c)(2)." L.R. 4.04. As noted above, Plaintiffs anticipate that the class may number in the thousands. At this early stage of litigation, it is difficult to anticipate which method of communication will be both effective and cost-efficient; Plaintiff respectfully asks the Court to permit them to supplement this proposal when class discovery is complete. At this point, without benefit of complete discovery, Plaintiff anticipates receiving names and phone numbers of individuals whose cell phones were called by GMRS, as well as those who made complaints to GMRS. Once the contact information for potential class members is obtained, Plaintiff anticipates that notices may be mailed to those individuals' physical addresses or emailed. In addition and with the Court's permission, Plaintiff may seek the need to advertise in print and online to advise potential class members of the existence of the class action for whom no email or address can be obtained. Additionally, Plaintiff proposes to set up a website with information about the class action and a form that will allow potential class members to contact class counsel and submit their claim forms online.

## <u>CONCLUSION</u>

For the foregoing reasons, and those which will be borne out by further class discovery, this case is appropriate for class certification. Accordingly, Plaintiff Martin and Armstrong, on their own behalf and on behalf of the proposed Class, respectfully requests that the Court (i) enter and reserve ruling on Plaintiffs' Motion for Class Certification; (ii) continue to permit Martin and Armstrong to take discovery on class-wide issues as set forth under the current case management schedule; (iii) grant Plaintiffs leave to file a supplemental memorandum in support of their Motion for Class Certification upon the conclusion of class-wide discovery and set out by the Court for the deadline for dispositive motions June 16, 2016 [dkt 28]; (iv) grant Plaintiffs' Motion for Class Certification after full briefing of the issues presented herein; and; (v) provide all other and further relief that the Court deems reasonable and just.[6]

Dated: June 9, 2015

**ROBERT MARTIN and KRISTIN ARMSTRONG**, individually and on behalf of all others similarly situated,

By: /s/ Stefan Coleman
      One of Plaintiff's Attorneys

Stefan Coleman, Esq. (#30188)
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
law@stefancoleman.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC

---

[6] Plaintiffs respectfully reserve the right to amend the definitions of the Class, as appropriate, at the conclusion of class-wide discovery.

16

3900 E Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: 720.213.0675
Fax: 303.927.0809

*\* Pro hac vice*

### CERTIFICATE OF SERVICE

I, Stefan Coleman, an attorney, hereby certify that on June 9, 2015, I served the above and foregoing ***Plaintiffs' Motion for Class Certification***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 9th day of June 2015.

/s/ Stefan Coleman