**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| ROBERT MARTIN and KRISTIN ARMSTRONG individually and on behalf of all others similarly situated, | Case No. 6:14-cv-1290-ORL-31-KRS |
| *Plaintiffs*, | CLASS ACTION |
| v. | JURY TRIAL DEMANDED |
| GLOBAL MARKETING RESEARCH SERVICES, INC., a Florida corporation, and JOHN DOES 1-100, | |
| *Defendants*. | |

**FIRST AMENDED CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs Robert Martin ("Martin") and Kristin Armstrong ("Armstrong") (collectively referred to as the "Plaintiffs") bring this First Amended Class Action Complaint and Demand for Jury Trial ("FAC") against Defendant Global Marketing Research Services, Inc. ("GMRS") and John Doe Defendants ("John Does") (collectively, the Defendants), to enjoin and seek damages for Defendants' repeated and unauthorized autodialed calls to the cell phones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiffs seek to obtain redress and injunctive relief for all persons similarly situated and injured by GMRS's calls. Plaintiffs allege upon personal knowledge, information, and belief, including investigation conducted by their attorneys, the following circumstances:

**NATURE OF THE ACTION**

1.     GMRS is in the business of conducting telephone surveys by making autodialed calls to thousands of consumers nationwide.

2.     To collect its survey data, GMRS repeatedly made (and continues to make)

autodialed telephone calls to the cell phones of Plaintiffs and other members of the putative

Class without consent, all in violation of the TCPA.

3.     GMRS makes its calls on its own behalf and on behalf, and for the benefit of, its

clients, the John Doe Defendants.

4.     By making these autodialed calls, GMRS and the John Does caused harm,

including the aggravation, nuisance, and invasion of privacy that necessarily accompany the

receipt of repeated autodialed calls. Plaintiffs and the other Class members were further harmed

insofar as GMRS's calls interfered with their use and enjoyment of their cell phones. Plaintiffs

and members of the Class also incurred charges from their wireless carriers for the receipt of

these autodialed calls to their cell phones and a reduction in their allotment of minutes.

5.     The TCPA was enacted to protect consumers from autodialed phone calls like

those alleged and described herein. In response to Defendants' unlawful conduct, Plaintiffs file

this lawsuit seeking injunctive relief, requiring Defendants to cease all autodialed telephone

calling activities to cell phones without first obtaining prior express consent as well as an award

of statutory damages to the members of the Class under the TCPA, costs, and reasonable

attorneys' fees.

## PARTIES

6.     Plaintiff Martin is a natural person over the age of eighteen (18) and a citizen of

the State of North Carolina.

7.     Plaintiff Armstrong is a natural person over the age of eighteen (18) and a citizen

of the State of New Hampshire.

8.     Defendant GMRS is a Florida corporation with a principal place of business

located at 1507 Aurora Road, Suite C, Melbourne, FL.

AMENDED                                                                      2
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

9.      Defendants John Does 1-100 are clients of GMRS who hire GMRS to make autodialed calls on their behalves and for their and GMRS's joint benefit. On information and belief, John Does oversee and/or control GMRS's calls, have given GMRS actual or apparent authority to make such calls, or have ratified GMRS's calls and have received the benefits of such calls. The identities of the John Doe defendants will be obtainable through discovery of GMRS's records, which plainly contain information about the entities on whose behalves GMRS made its unlawful and offensive calls.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because their TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

11.     This Court has personal jurisdiction over Defendant GMRS because it maintains its office in this district, and many of the wrongful acts alleged in this Complaint were committed in this District. The Court further has jurisdiction over the John Doe defendants as such Defendants oversaw or controlled, and received the benefits from, GMRS's calls that were placed in this District.

12.     Venue is proper because Defendant, for its own benefit and for the benefit of the John Doe Defendants, does business in this District and the causes of action arose, in substantial part, in this District.

## COMMON FACTUAL ALLEGATIONS

13.     Defendant GMRS does business as a telephone research service company that conducts telephone surveys for business and political purposes using widespread telephone survey campaigns through their autodialer on a broad range of topics from local issues, national

AMENDED                                                                    3
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

questions, medical surveys, retail preferences, and more.

14.     In placing the calls that form the basis of this Complaint, Defendant GMRS utilized an automatic telephone dialing system. Specifically, the hardware and software used by GMRS has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. GMRS's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

15.     In fact, Defendant GMRS asserts on its website that:

> GMRS currently has a phone room with a total of 206 stations all with predictive capabilities…Our dialing system, upgraded in 2011, features full predictive capabilities on every line…this capacity enables us to perform nearly 4 million digitized (30 second) calls per day."[1]

16.     When placing these calls to consumers, GMRS failed to get the prior express consent required by the TCPA of cell phone owners/users as required by the TCPA to make such calls.

17.     Defendant GMRS's website states that, "we also have extensive experience dialing from RDD samples [random digit dialing]."[2]

18.     While this "random dialing" method for collecting survey responses may be within the letter of the law for calls placed to landline ("wireline") telephones, the same calls to cell ("wireless") phones violate the TCPA where they are made without prior express written or

---

[1] *See* http://www.polling.net/technology/

[2] *See* http://www.polling.net/businessandconsumer/

AMENDED
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

oral consent. As explained by the Federal Communications Commission ("FCC") in its 2012

order:

> Additionally, we note that many commenters expressed concern about obtaining written consent for certain types of autodialed or prerecorded calls, including debt collection calls, airline notification calls, bank account fraud alerts, school and university notifications, research or survey calls, and wireless usage notifications. Again, such calls, to the extent that they do not contain telemarketing messages, would not require any consent when made to residential wireline consumers, but *require either written or oral consent if made to wireless consumers* and other specified recipients. [Emphasis added].

*See In re Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 27

FCC Rcd. 1830 (Feb. 15, 2012).

19.     Yet in violation of this rule, GMRS and the John Does fail to obtain any prior

express consent (oral or written) to make these autodialed survey calls to random cell phone

numbers. Rather, GMRS has indicated that it and/or its clients on whose behalves it makes its

calls, the John Doe defendants, obtained the Class members' phone numbers from voter

registration rolls. Such collection methods run afoul of the TCPA's requirement of express

consent.

20.     Consumer complaints about GMRS's invasive and repetitive calls are legion. For

example, a single online complaint board has twenty-eight pages of complaints (approximately

560 complaints) from consumers receiving unwanted and repeated calls from Defendant.[3] As a

sample, consumers have complained as follows:

> -       I've been getting calls from 1-800-251-5850. This is happening 5 or 6 times a day. I was not answering, then decided maybe if I answer they would stop calling. No one is on the line when I answer. Can I do anything about this?

---

[3] *See* http://800notes.com/Phone.aspx/1-800-251-5850

- Over a dozen calls the past few days, how these guys have not been shut down by now is amazing.

- Constant calls do not answer them they keep calling back   Even call after 9 pm!! Daily annoying persistent !!!

- this number calls my home and cell 5+ times per day.  Going to give them an earful on the next call. I've had it!!!!!!!!!!  No one is ever there when I pick up to give 'em hell. Today will be the day. Today is Sunday 3pm and I've had 3 calls at home and 3 on the cell. Best of luck to the rest of you fighting this number too.

- THIS PHONE CALLS MY CELL PHONE CONTSANTLY AND I AM TIRED OF IT, THEY CLAIM THEY ARE A MARKETING RESEARCH AND ARE NOT SUJECT TO THE DO NOT CALL, THATS A BUNCH OF CRAP, LET ME CATCH THE FRICKING CALL AND I WILL LIGHT THEIR A***S UP, BECAUSE THEY ARE COSTING ME MONEYN BECAUSE THE CALL IS FROM A LAND LINE AT A BUSINESS, I GET CHARGED BY MY CELL PHONE COMPANY FOR CALLS AS THESE, THEY NEED TO STOP CALLING ME NOW!

21.     Defendants have full knowledge that they are placing telephone calls to the cell phones of consumers without consent and in the face of hundreds of consumer complaints.

## ALLEGATIONS SPECIFIC TO PLAINTIFF MARTIN

22.     Plaintiff Martin is the exclusive user of the cell phone number ***-****-4841. Starting in or around March 12, 2014, Plaintiff Martin began receiving multiple calls per day on his cell phone from the phone number (800) 251-5850.

23.     Initially, Plaintiff Martin tried to answer these calls. When he would answer the calls, however, the calls would immediately and automatically hang up on him. Frustrated, he called back to find out who it was and realized that it was some sort of survey or telemarketing company from which he had no interest in receiving calls.

24.     Plaintiff Martin continued to receive calls through April 28, 2014, sometimes multiple calls per day. These calls tied up Plaintiff Martin's cell phone line, in addition to the

AMENDED                                                                                        6
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

nuisance and aggravation of having to attend to unsolicited and repeated calls to his personal cell phone. Plaintiff Martin estimates that he received at least 15 of these calls.

## ALLEGATIONS SPECIFIC TO PLAINTIFF ARMSTRONG

25.    Plaintiff Armstrong is the exclusive user of the cell phone # ***-***-7871.

26.    Because Plaintiff Armstrong cares for her father who has epilepsy, she needs to keep her cell phone on her at all times, including during work hours in case of a medical emergency. At the time she received the Defendants' calls, Plaintiff Armstrong's job had strict rules on receiving and answering phone during work hours.

27.    Starting in or around the beginning of August, 2014 Plaintiff Armstrong began receiving multiple calls per day on her cell phone during work hours from the phone number (800) 251-5850.

28.    Plaintiff Armstrong initially answered Defendant's call at work not knowing who was calling her, and then after hearing who Defendant was, immediately told Defendant not to call her again.

29.    Even though Plaintiff Armstrong told GMRS's operator to stop calling her, GMRS continued to automatically dial her cellular phone multiple times per day over the next two weeks. Plaintiff Armstrong could not stop Defendant's onslaught of calls, which frustrated her and jeopardized her job as each call that GMRS made to her personal cellular phone brought on scrutiny to her since receiving and answering calls during work hours was against company policy.

30.    Plaintiff Armstrong received no less than eight (8) phone calls over those two weeks. In an effort to make the calls stop, Plaintiff Armstrong contacted her wireless carrier about blocking the calls.

AMENDED                                                                                    7
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

## CLASS ACTION ALLEGATIONS

31.     In accordance with Federal Rule of Civil Procedure 23, Plaintiffs bring this case

as a class action on behalf of themselves as well as a class ("Class") defined as:

> All individuals in the United States (1) to whom GMRS made a telephone call,
> between August 11, 2010 to the present, (2) to his or her cell phone; (3) from the
> phone number 800-251-5850, and (4) for whom GMRS claims it obtained consent
> to call in the same manner that GMRS contends it obtained consent to call the
> Plaintiffs.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents,

successors, predecessors, and any entity in which the Defendants or their parents have a

controlling interest and its current and former employees, officers, and directors, (2) the Judge or

Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate

family, (3) persons who execute and file a timely request for exclusion, (4) the legal

representatives, successors, or assigns of any such excluded person, (5) Counsel for Plaintiffs

and Defendant GMRS, and (6) all Persons in states where any federal class action has been filed

against GMRS seeking certification of a class limited to the persons of such states, including

without limitation California and Pennsylvania.

32.     **Numerosity**: The exact size of the Class is unknown and not available to

Plaintiffs, but it is clear that individual joinder is impracticable. On information and belief,

Defendant GMRS placed calls to thousands of consumers who fall into the definition of the

Class. Members of the Class can be readily identified through Defendant's records and from

their own phone records.

33.     **Commonality and Predominance**: Many questions of law and fact are common

to the claims of Plaintiffs and the Class. Those questions predominate over any questions that

may affect individual members of the Class and will be answerable based upon common

AMENDED                                                                                            8
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

evidence and proof in a single stroke. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether GMRS's calls violated the TCPA,

(b)     Whether GMRS systematically made telephone calls to members of the Class without first obtaining prior express oral or written consent to make the calls,

(c)     Whether GMRS used an ATDS to make its calls,

(d)     Whether GMRS's apparent defense that certain Class members somehow ratified the calls or otherwise consented to the receipt of GMRS's calls by participating in its surveys or by neglecting to immediately inform GMRS that such calls were unauthorized comports with or violates the TCPA's requirement of *prior* express consent,

(e)     Whether GMRS's apparent defense that Class members somehow consented to the receipt of GMRS's calls by completing their voter registration forms comports with or violates the TCPA's requirement of prior express consent;

(f)     Whether GMRS's clients, the John Doe Defendants, oversaw controlled or approved of GMRS's calls, received the benefits of such calls, or ratified such calls, and

(g)     Such additional issues as may be identified through discovery.

34.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel who are competent and experienced in class actions generally and TCPA class actions specifically. Plaintiffs have no interests antagonistic to those of the Class, and neither GMRS nor any of the John Doe Defendants have defenses unique to Plaintiffs. Further, Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel has any interest adverse to the

Class.

35.     **Appropriateness**: This class action is also appropriate for certification because GMRS and the John Doe defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring this Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. GMRS's business practices apply to and affect the members of the Class uniformly. Plaintiffs' challenge to those practices hinges on the conduct of GMRS and the John Doe defendants with respect to the Class as a whole, not on facts or law applicable only to certain members or Plaintiffs. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## <u>COUNT ONE</u>
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiffs and the Class)

36.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

37.     Defendant GMRS, on behalf and for the benefit of its clients, the John Doe defendants, made autodialed telephone calls to cell phone numbers belonging to Plaintiffs and other members of the Class without first obtaining prior express consent to receive such calls.

38.     GMRS made the telephone calls using equipment that had the capacity to store or

AMENDED                                                                              10
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

39.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. GMRS's autodialer disseminated information *en masse* to Plaintiffs and other consumers.

40.     By making the unsolicited telephone calls to Plaintiffs and the Class members' cell phones without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

41.     As a result of Defendants' unlawful conduct, Plaintiffs and the members of the Class are each entitled a minimum of Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs individually and on behalf of the putative Class, prays for an Order:

1.     Certifying the Class as defined *supra*;

2.     Appointing Plaintiffs as the representative of the Class;

3.     Appointing the undersigned counsel as counsel for the Class;

4.     Compelling GMRS to disclose the names of its clients on whose behalves it made the calls, the John Doe defendants,

5.     Declaring that GMRS and/or its affiliates, clients, agents and/or other related entities' actions complained of herein violated the TCPA;

6.     Enjoining Defendant and/or their affiliates, clients, agents, and/or other related

AMENDED                                                                                        11
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF

entities as provided by law, from engaging in the unlawful conduct set forth herein;

7. Awarding Plaintiffs and the Class statutory and exemplary damages as allowed by law;

8. Awarding Plaintiffs and the Class attorney's fees and costs, all allowed by law and/or equity;

9. Permitting Plaintiffs and the Class leave to amend the Complaint to conform to the evidence presented at trial; and

10. Granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: July 1, 2015

**ROBERT MARTIN and KRISTEN ARMSTRONG**, individually and on behalf of all others similarly situated,

By: _/s/ Stefan Coleman_____
Stefan L. Coleman, Esq., Florida Bar no. 0030188
LAW OFFICES OF STEFAN COLEMAN, LLC
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
law@stefancoleman.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: 720.213.0675
Fax: 303.927.0809

*Pro hac vice*

AMENDED
CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIF