UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT MARTIN and KRISTIN )
ARMSTRONG individually and on behalf )
of all others similarly situated, )
                                )
      Plaintiffs, )
                                )      Case No. 6:14-cv-1290-ORL-31KRS
v. )
                                )      CLASS ACTION
GLOBAL MARKETING RESEARCH )
SERVICES, INC., a Florida corporation, )
And JOHN DOES 1-100, )
                                )
      Defendants. )
_____)

**DEFENDANT'S MOTION TO VACATE IN PART ORDER GRANTING LEAVE
TO AMEND COMPLAINT OR FOR RECONSIDERATION
AND FOR SANCTIONS WITH MEMORANDUM OF LAW IN SUPPORT**

Defendant Global Marketing Research Services, Inc. ("Global Marketing"), by counsel, respectfully moves pursuant to Local Rule 3.01 to vacate in part this Court's Order [DE 47] allowing amendment of Plaintiffs' Complaint, or for reconsideration and for sanctions. In support, Defendant states:

I.     **RELIEF REQUESTED:**

A.     Vacate the June 25, 2015 Order in part to the extent permitting an amendment of the Complaint to carve out California and Pennsylvania from the proposed national class definition, or;

B.     Grant Defendant an opportunity to be heard on Plaintiffs' Motion to Amend because the June 25 Order was entered before any chance by Defendant to address numerous factual inaccuracies in Plaintiffs' Motion and improprieties in the amended action.

C.     Award Sanctions against Plaintiffs' counsel.

## II.   STATEMENT OF PROCEDURAL POSTURE AND BASIS FOR RELIEF SOUGHT:

1.      The original Class Action Complaint [DE 1] filed in the name of representative Plaintiff Walsh, was commenced on August 11, 2014 against Defendant.  The basis of the action was claimed violations of the Telephone Consumer Protection Act, 47 U.S.C.A. § 227 ("TCPA"). The Walsh Complaint requested a class definition to include all cell phone users receiving an unwanted cell call from Global Marketing throughout the United States.  [DE 1, ¶26].

2.      After preliminary motions, this Court entered its Trial Scheduling Order [DE 28] setting discovery deadlines and a Trial date including the directive to mediate the claims.  [DE 29].

3.      Nearly one year after filing suit pursuing national class certification, Plaintiffs' counsel filed their motion to change the representative plaintiffs, but more significant though more subtle, to change the defined class in this Florida action to carve out cell users in California and Pennsylvania.  See Amended Complt., ¶31 [DE 45].

4.      Plaintiffs' counsel has filed Complaints in California (**Exhibit A**) and Pennsylvania (**Exhibit B**) alleging an identical TCPA cause of action.  The California Complaint was filed weeks before any Order in this Court permitting such amendment; the Pennsylvania Complaint filed the same day as, yet also before, entry of the June 25, 2015 Order.

5.      This Motion to amend was granted without any consideration of possible defense objections [DE 47], thus denying Defendant an opportunity to be heard.  It is believed the part of the amendments as to a new gerrymandered scope of class plaintiffs was overlooked in granting leave to amend.

## III.   LEGAL ARGUMENT

6.      Plaintiffs' Motion to amend and its stated grounds, is stunning in its violation of clear prohibitions on disclosure of confidential settlement communications.  The amendments to the pleadings only arose after impasse reached during extended Court-ordered Mediation negotiations.  Plaintiffs' harassment of Defendant by the proliferation of these lawsuits is plainly in retaliation for a breakdown in settlement negotiations over issues having no affect on any putative plaintiff.  Plaintiffs' Motion to amend and the amendments themselves are a violation of Fed. R. Evidence  Rule 408, this Court's local rule 9.07, and the Mediation Confidentiality Agreement signed by Plaintiffs' counsel (**Exhibit C**).

7.      Undersigned counsel shall address these confidentiality violations in camera at an appropriate hearing on this Motion so as not to himself violate the Mediation confidentiality prohibitions.

8.      The request to drop Walsh as Plaintiff, based on defense counsel requiring her to be deposed in Boca Raton was knowingly false.

9.      As to the carve out of California and Pennsylvania, there were no reasons given why separate lawsuits are necessary in California or Pennsylvania nor any proffer for some different factors impacting on cell users in these other jurisdictions.  The simple truth is that the sole purpose of these carve-outs and these two other lawsuits is to harass Defendant by forcing it to litigate identical issues all over the country.

10.     Due to this needless proliferation of these three (3) class action suits, Defendant has moved for their dismissal in each of the other federal courts under "first-to-file" rules and the improper splitting of Plaintiffs' cause of action.  The California federal court, Hon. Maxine M. Chesney presiding, has set a case management conference to address this Motion to Dismiss on

October 23, 2015 in San Francisco.  The Pennsylvania federal court, Hon. Anita B. Brody presiding, has set a hearing on the Motion to Dismiss for August 3, 2015.  Defendant's Motion to Dismiss the California action is attached as **Exhibit D**.  The Pennsylvania Motion to Dismiss is attached as **Exhibit E**.  These two other identical lawsuits have already spawned extensive pleadings and motions with disingenuous submissions by Plaintiffs' counsel that the Florida case is not really a related case based on the bootstrapped proposition that having removed California and Pennsylvania from the proposed class definition in our Florida case, counsel is free to sue Global Marketing on identical claims in these other courts.

11.    This self-serving argument with such amended carve outs is prohibited under action-splitting, first-to-file principles.  Katz v. Gerardi, 655 F. 3d 1212, 1217 (10th Cir. 2011); Adams v. Calif. Dept. of Health Services, 487 F. 3d 684, 688 (9th Cir 2007); Berger v. Weinstein, 2008 WL 4858318 (E.D. Pa. 2008); Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp., 296 F. 3d 982 (10th Cir. 2002); Wright & Miller, 18A Fed. Prac. & Pro. § 4406 (2d ed. 2011).

12.    As an alternative to dismissals, Defendant has already moved in these other actions for a 1404(a) transfer if not Multi-District consolidation here in the Middle District of Florida.  Had either of these other Complaints been filed first in time with the same rational scope of the intended class, this Court would most likely have applied the same "first-to-file" or transfer principles to dismiss or transfer any later-filed Florida carve-out case.  Ingram-Fleming v. Lowe's Home Center, LLC, 2015 WL 456509 (M.D. Fla. 2015); Rudolph and Me, LLC v. Ornament Central, LLC, 2011 WL 3919711 (M.D. Fla. 2011); see also, Seal Shield, LLC v. Otter Products, LLC, 2013 WL 6017330 (M.D. Fla. 2013).

13.     Moreover, the amendment of the class as pretext for this vexatious litigation in these other jurisdictions was done in bad faith.  Forman v. Davis, 371 U.S. 178, 182 (1962); GSS Properties, Inc. v. Kendale Shopping Center, Inc., 119 F.R.D. 379, 381 (M.D. N.C. 1988). Defendant respectfully asserts that when this Court reviewed Plaintiffs' motion to amend, this issue of creating some back door right to file similar suits in other courts was overlooked.

14.     Worse yet, while uncertain if such statement was truthful or flippant, Plaintiffs' counsel has recently advised of likely similar new filings in yet other jurisdictions.

15.     Whatever the merits of changing the representative plaintiffs in this case, to replace Martin and Armstrong for Walsh (improperly done on false premise and only after extensive settlement negotiations as to the lack of standing by Walsh), there is simply no factual or legal support for a watered down definition of cell users nationally as the basis to allow identical, overlapping lawsuits in other federal courts.  Plaintiffs' counsel have plainly thumbed their noses at the time-honored rules promoting judicial economy while embarking on an inescapable, abusive, multi-jurisdiction vendetta against Defendant in violation of Fed.R.C.P., Rule 11(b), all arising from failed settlement talks.

16.     Out of State lead counsel Messrs. Woodrow and Peluso, who are masterminding all three of these class actions should be admonished and sanctioned for such conduct pursuant to Fed.R.C.P., Rule 11(c)(3).

17.     The undersigned certifies pursuant to Rule 3.01(g) that he has conferred with opposing counsel on this motion and these other class actions recently filed in good faith attempt to resolve these matters, that Plaintiffs will not withdraw them and thus the issues raised in this Motion cannot be resolved without Court review.

WHEREFORE, Defendant Global Marketing Research Services moves for entry of an Order:

a.      Vacating its June 25, 2015 Order to the extent allowing amendment of the national class definition or otherwise allowing the proliferation of similar class actions in other jurisdictions;

b.      Alternatively, holding in abeyance any ruling on Plaintiffs' Motion to amend the Complaint pending a hearing and opportunity for Defendant to be heard on these issues including in camera comments as necessary to address confidentiality misconduct by Plaintiffs' counsel;

c.      Award of sanctions against Plaintiffs' counsel in favor of Defendant for its attorneys' fees and costs incurred in the needless defense of the California lawsuit, Pennsylvania lawsuit, and this Motion pursuant to Rule 11(c)(3); and

d.      For all other relief as this Court deems proper and just.

Dated: July  31 , 2015.

                                                    GLOBAL MARKETING RESEARCH
                                                    SERVICES, INC., Defendant,


                                                    By: _____
                                                    Steven G. Schwartz, Esquire
                                                    Florida Bar No. 911471
                                                    Schwartz Law Group
                                                    6751 N. Federal Highway, #400
                                                    Boca Raton, Florida  33487
                                                    Ph:  (561) 395-4747
                                                    Fx:  (561) 367-1550
                                                    Email:  sgs@theschwartzlawgroup.com
                                                    Email:  cml@theschwartzlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that  on July 30, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant(s).

_____
Steven G. Schwartz, Esquire

## SERVICE LIST

*Counsel for Plaintiffs Robert Martin and Kristin Armstrong*

Stefan L. Coleman, Esq.
Law Offices of Stefan Coleman, PLLC
201 S. Biscayne Blvd., Floor 28
Miami, Florida 33131-4309
Ph:  (877) 333-9427
Fx:  (888) 498-9846
Email:  law@stefancoleman.com

*Pro Hac Vice Counsel for Plaintiffs Robert Martin and Kristin Armstrong*
Steven L. Woodrow, Esq.
Patrick H. Peluso, Esq.
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Ph:  (720) 213-0675
Email:  swoodrow@woodrowpeluso.com
Email:  ppeluso@woodrowpeluso.com

l:\open files\200271\pleadings\gmrs m-vacate order on plts' leave to amd compl-jg.docx