# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT MARTIN and KRISTIN ARMSTRONG,**

       **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-1290-Orl-31KRS**

**GLOBAL MARKETING RESEARCH SERVICES, INC. and JOHN DOES 1-100,**

       **Defendants.**

## ORDER

This matter is before the Court on Plaintiffs' Motion for Rule 11 sanctions (Doc. 61).

On July 31, 2015, Defendant filed a Motion to Vacate (Doc. 54) this Court's Order (Doc. 47) which granted Plaintiffs' unopposed Motion for Leave to Amend the Complaint (Doc. 45).   In that Motion, Defendant contended that the Motion to Amend was "granted without any consideration of possible defense objections, thus denying Defendant an opportunity to be heard." Doc. 54, ¶ 5.   In its Motion to Vacate, Defendant also sought an award of sanctions against Plaintiffs' counsel, contending that:

- "Plaintiffs' Motion is 'stunning' in its violation of clear prohibitions on disclosure of confidential communications
- "Plaintiffs' counsel are masterminding vexatious litigation to harass Defendant in bad faith; and
- "Plaintiffs' counsel have plainly thumbed their noses at the time-honored rules prompting judicial economy while embarking on an inescapable, abusive, multi-jurisdictional vendetta against Defendant . . . ."   Doc. 54, ¶ 15.

Plaintiffs responded to Defendant's Motion (Doc. 55) and on August 19, 2015, the Court denied the Motion to Vacate (Doc. 56).[1]

On August 25, 2015, Plaintiffs filed its own Motion for Sanctions against Defendant (Doc. 61), contending that Defendant's Motion to Vacate and for Sanctions was itself sanctionable. On September 1, 2015, Defendant responded to Plaintiffs' Motion (Doc. 63).

Upon consideration of the above, the Court finds that Defendant's Motion to Vacate was not frivolous or sanctionable under Rule 11. However, the Court would observe that Defendant's Motion was unprofessional in at least two respects: (1) counsel's attempt to mislead the Court into believing that it had not given Defendant an opportunity to be heard on the Plaintiffs' Motion for Leave to Amend, when in fact Defendant had failed to file a timely objection; and (2) by the use of hyperbole in accusing Plaintiffs' counsel of nefarious conduct. The Court expects Defendant's counsel to refrain from such conduct in the future. It is, therefore

**ORDERED** that Plaintiffs' Motion for Sanctions (Doc. 61) is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 11, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Denial of the Motion also resolved Defendant's request for sanctions.