# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT MARTIN and KRISTIN ARMSTRONG,**

    **Plaintiffs,**

**v.**                                                                          **Case No: 6:14-cv-1290-Orl-31KRS**

**GLOBAL MARKETING RESEARCH SERVICES, INC. and JOHN DOES 1-100,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' SECOND MOTION TO OVERRULE DEFENDANT'S OBJECTIONS AND TO COMPEL FURTHER ANSWERS TO DISCOVERY (Doc. No. 64)**
>
> **FILED:**      **September 3, 2015**

> **MOTION:**    **DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Doc. No. 66)**
>
> **FILED:**      **September 15, 2015**

**I.  PROCEDURAL BACKGROUND.**

On July 1, 2015, Plaintiffs Robert Martin and Kristin Armstrong filed an amended class action complaint against Defendant Global Marketing Research Services, Inc. ("GMRS") and one hundred John Doe Defendants, raising claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Doc. No. 48. In that pleading, Plaintiffs defined the relevant class as follows:

> All individuals in the United States (1) to whom GMRS made a telephone call, between August 11, 2010 to the present, (2) to his or her cell phone; (3) from the phone number 800-251-5850, and (4) for whom GMRS claims it obtained consent to call in the same manner that GMRS contends it obtained consent to call the Plaintiffs.

*Id.* ¶ 31. Plaintiffs allege that GMRS, on behalf of the John Doe defendants, made autodialed telephone calls to cell phone numbers belonging to Plaintiffs and other members of the defined class. *Id.* ¶ 37. GMRS allegedly made these calls without first obtaining prior express consent, in violation of the TCPA. *Id.*

On September 3, 2015, Plaintiffs filed their Second Motion to Overrule Defendant's Objections and to Compel Further Answers to Discovery. Doc. No. 64. On September 15, 2015, GMRS filed a Motion for Protective Order and Objection to Plaintiffs' Second Motion to Compel, which was accompanied by the declaration of Anthony Diana, GMRS's president and sole shareholder. Doc. No. 66. After the Court granted leave, Plaintiffs filed a reply brief in support of their motion to compel. Doc. No. 71. In that filing, Plaintiffs also argue that GMRS's motion for a protective order should be denied. *Id.*

**II.    DISCUSSION.**

  *A.    Plaintiffs' Second Motion to Compel.*

Plaintiffs move the Court to (1) compel further answers to four interrogatories and one request for production of documents, (2) compel supplemental Rule 26 disclosures or strike the presently served disclosures in their entirety, and (3) award them attorneys' fees and costs for filing the instant motion. The Court will address each of these matters in turn.[1]

---

[1] In resolving the motion to compel, the Court will address only those discovery requests that have been specifically quoted in the motion, as required by Local Rule 3.04(a). GMRS's argument concerning the production of scripts, for example, is irrelevant to the motion, as none of quoted requests — most of which are interrogatories — could fairly be read to require such production. The Court will address the interrogatories as Plaintiffs drafted them, not as the parties recharacterize them in their briefs.

       1.      <u>Plaintiffs' Interrogatory No. 4.</u>

In Interrogatory No. 4, Plaintiffs request the following:

Identify all campaigns through which You called any Persons where You obtained prior express consent from the called person in the same manner as You or any Persons in the same manner as You or any Person acting on Your behalf obtained prior express consent to call Plaintiff on her cellphone or using a prerecorded or artificial voice.

Doc. No. 64, at 14. GMRS provided this objection:

Objection: overly broad, without any time limitation, unrelated to these Plaintiffs' surveys, unduly burdensome and harassing.  As each telephone survey is to some extent unique, Defendant cannot answer this interrogatory without extensive, costly research as to hundreds of such surveys conducted over several years involving potentially millions of phone numbers.  ***Further, since there is no allegation as to any other people called for specific surveys at specific times or places other than North Carolina in March- April, 2014; or, New Hampshire in August, 2014, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.***  Defendant also objects to this interrogatory as it seeks proprietary information regarding its client lists, and proprietary information as to how clients conduct non-telemarketing political surveys to collect political opinions and likely voter trends that have nothing to do with this lawsuit.  Without waiver of these objections, Defendant does not have any documents to show "express consent" by anyone prior to initiating a call to them to ask if they want to participate in a political survey.  To the best of Defendant's knowledge, the phone numbers of any persons called for any survey conducted were obtained from published voter registration records available at state Boards of Elections or like governmental agencies and the particular phone numbers listed were volunteered by the voters registering to vote.  Defendant asserts this operates as consent by the owner of the phone to which his/her published number is assigned to receive a call for political purposes at that phone number.  See response to No. 3 above.  Further, at no time did Defendant call these Plaintiffs using any artificial voice or pre-recorded device or message.  All discussions between Defendant and any person called[ ]to conduct these political surveys were by human operator-employees and not some pre-recorded messaging system.  Every call to these or any Plaintiffs for such political surveys were conducted by a GMRS employee (not a pre-recorded or artificial voice), and made to discuss political opinions at the willing, discretionary participation of each person called, not to sell any products or services of any kind, nor to solicit any donations to any political party or candidate.  If the person called, upon answering his/her phone, agrees to participate in the questionnaire, which generally takes about twenty (20) minutes, the survey is conducted.  If he/she elects not to participate and directs he or she not be called again, that person's phone number is put on an internal "Do Not Call" list and not contacted again.  If the person is unclear as to whether he/she declines to participate in just that particular survey at that time or is requesting never

> to be called again, he/she is asked by the GMRS employee to clarify their wishes whether it is okay to be called again.  Additionally as of September 1, 2014 no call to a known cell number was initiated by any autodialer device.

Doc. No. 64, at 14–15.

Plaintiffs' request is overbroad insofar as it does not incorporate any time period for the requested information.  Accordingly, the Court will not require identification of campaigns that occurred exclusively before August 11, 2010, the beginning of the relevant class action period.  Doc. No. 48 ¶ 31.  This timeframe is also consistent with the applicable statute of limitations for TCPA actions.  *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 110 (2d Cir. 2013); *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR (JSC), 2015 U.S. Dist. LEXIS 79412, at *6 (N.D. Cal. 2015).

The lengthy narrative proffered by GMRS largely fails to address the interrogatory posed by Plaintiffs.  That interrogatory requires identification of all campaigns for which GMRS obtained prior express consent in the same manner it obtained consent to call the Plaintiffs.  GMRS does not identify any such campaigns.  Nor did GMRS state in its sworn response that it did not obtain "prior express consent" concerning the pertinent campaigns, thereby obviating the need for identification under the language of the interrogatory.[2]  Instead, GMRS simply describes the manner in which it obtained numbers and called individuals, which is not what the interrogatory requested.  That GMRS states it "does not have any documents to show 'express consent' by anyone prior to initiating a call to them to ask if they want to participate in a political survey," Doc. No. 64, at 14, does not change this conclusion.  The discovery request is in the form of an interrogatory, not a

---

[2] GMRS has stated in its response to the motion to compel that "express written consent from Plaintiffs before calling them is not being claimed," reflecting the possibility that no campaigns or programs are responsive to the relevant interrogatory.

request for production of documents. A statement that GMRS's documents do not reflect the requested information provides no indication as to whether non-documentary information is responsive.

The information requested is reasonably calculated to elicit information bearing on class certification issues such as commonality, typicality, and adequacy of the class representatives. *See* Fed. R. Civ. P. 23(a)  The complaint identifies a nationwide class, with the exception of persons "in states where any federal class action has been filed against GMRS seeking certification of a class limited to the persons of such states." Doc. No. 48 ¶ 31. At present, the parties have only identified California and Pennsylvania as excluded states. *Id.* GMRS has offered no legal authority in support of its unilateral decision to limit its response to only North Carolina and New Hampshire, and the Court will require a full response, except as to programs and campaigns conducted exclusively in California and Pennsylvania. *See Dillon v. Bay City Constr. Co.*, 512 F.2d 801, 804 (5th Cir. 1975) ("[T]he plaintiffs were entitled to discovery which would bear on the always troublesome questions of whether this was or ought to be considered a class action, and the terms and conditions, if any, on which it could proceed." (citation omitted)).[3]

Accordingly, Plaintiffs' motion to compel a further response to Interrogatory No. 4 is **GRANTED in part and DENIED in part**. On or before October 30, 2015, GMRS shall serve a full, sworn, supplemental response to Interrogatory No. 4. The response may be limited in time to the relevant class period, which begins on August 11, 2010, and need not identify campaigns or programs that involved calls exclusively to individuals in California or Pennsylvania. *See*

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

*generally Middle District Discovery* at 12 (2015) ("If an interrogatory is objectionable because of overbreadth, the responding party, although objecting, must answer the interrogatory to the extent that the interrogatory is not overbroad.").

        2.        Plaintiff's Interrogatory No. 17.

In Interrogatory No. 4, Plaintiffs request the following:

> Identify each Person by name, telephone, and date and time called, that You called where you obtained prior express consent to call the Person in the same manner by which You obtained prior express consent to call Plaintiff.

Doc. No. 64, at 15.  GMRS responded as follows: "Objection: harassing, abusive and repetitive of nearly all prior interrogatories as to consent." *Id.* at 15.

For the reasons discussed previously, the Court will not require identification of individuals (1) called prior to August 11, 2010, the beginning of the relevant class action period, or (2) in California or Pennsylvania.  Although the request is also overbroad insofar as it encompasses calls to landline phone numbers, Plaintiffs make clear in their reply brief that they do not seek information concerning landline calls.  Doc. No. 71, at 6.  Accordingly, GMRS need not answer the interrogatory insofar as it concerns calls to landline phones.

GRMS's other boilerplate objections, however, are overruled.  The requested information is plainly relevant to class certification.  Such information is probative of class membership and may be significant to Plaintiffs' ability to establish the ascertainability, numerosity, commonality, and typicality requirements of class certification.  *See* Fed. R. Civ. P. 23(a); *see also Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (noting that a plaintiff seeking to represent a proposed class must demonstrate that the class is clearly ascertainable).

Therefore, Plaintiffs' motion to compel a further response to Interrogatory No. 17 is **GRANTED in part and DENIED in part**.  On or before October 30, 2015, GMRS is required to

serve a full, sworn, supplemental response to Interrogatory No. 17.  The response may be limited in time to the relevant class period, which begins on August 11, 2010.  GMRS also is not required to provide information concerning persons that it is able to determine were called either (1) on landlines or (2) in California or Pennsylvania.

        3.        <u>Interrogatory No. 20.</u>

In Interrogatory No. 20, Plaintiffs request as follows:

> Identify all of Your calling campaigns or programs during the relevant time period through which You called Persons where you obtained prior express consent to call them in the same manner as You claim You obtained prior express consent to call Plaintiff, including without limitation the campaign or program through which You made any call to Plaintiff, describing for each such campaign or program: the start and end dates, the number of persons You called for each and their Identities (names, telephone numbers, and dates called), the identity of any third parties on whose behalf you made the calls or ran the campaign or program, Your methods for obtaining prior express consent to call Persons in connection with the campaign or program, and the campaign or program's geographic scope.

Doc. No. 64, at 15.  GMRS objected as follows:

> Objection.  This Interrogatory is repetitive of multiple prior requests for the same information.  See above responses.  Further, Defendant asserts such request is overly broad, unduly burdensome and otherwise improper in scope and time.  Defendant relies on the voluntary publication of a voter's phone number as consent to be called at that number for political purposes, if not calls generally.

*Id.*

For the reasons discussed previously, the Court will not require identification of individuals that (1) GMRS called prior to August 11, 2010, the beginning of the relevant class action period, (2) were in California or Pennsylvania, or (3) GMRS is able to determine were called on landlines.  As with the interrogatories previously discussed, this interrogatory is tailored to elicit information that will bear on class certification.  GMRS's claim of undue burden, in its response brief, on the ground that the information requested is "not readily available in any existing data report" is not

- 7 -

well-taken.[4] *See* Doc. No. 66, at 7 ¶ 15; *cf. Nowak v. Lexington Ins. Co.*, No. 05-21682-CIV-MORENO, 2006 WL 3613764, at *3 (S.D. Fla. June 12, 2006) (rejecting an argument that discovery requests were unduly burdensome when they could not "be gathered in any manner except manually going through each relevant file," and declining to permit a party to "argue undue burden and be free from discovery obligations by retaining an outmoded filing system"). The interrogatory is targeted to elicit information potentially bearing on the ascertainability, numerosity, commonality, and typicality requirements of class certification. The information may also be relevant to the proper dissemination of class notice. *See* Fed. R. Civ. P. 23(c)(2).

Accordingly, Plaintiffs' motion to compel a further response to Interrogatory No. 20 is **GRANTED in part and DENIED in part**. On or before October 30, 2015, GMRS is required to serve a full, sworn, supplemental response to Interrogatory No. 17. The response may be limited in time to the relevant class period, which begins on August 11, 2010. GMRS also is not required to provide information concerning persons that it can determine were called either (1) on landlines or (2) in California or Pennsylvania.

        4.        <u>Interrogatory No. 21.</u>

Plaintiffs' Interrogatory No. 21 to GMRS stated as follows:

> Identify all third parties on whose behalf You made any calls, identifying any campaigns or programs You operated for such third parties and the terms of any agreements between You and any such third parties.

Doc. No. 64, at 8. GMRS responded as follows:

> Objection: The information involves proprietary, confidential trade secrets which are irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence in this case. Defendant has explained in response to Interrogatory number

---

[4] To the extent that GMRS suggests that it intends to rely on Rule 33(d) to produce lists of phone numbers, but then claims an undue burden of such printing, it has also failed to explain why the records could not be produced in original, electronic form.

> 8 that there was no indemnity agreement in place between GMRS and its clients such that the client had no obligation to defend or hold harmless GMRS for any claims being alleged in this lawsuit. In any event Defendant is believed obligated to maintain the confidentiality and anonymity of its clients, some of whom the media, candidates seeking election to local, state or national offices, political parties or action committees and in some instances, other pollsters needing additional staff to conduct their surveys for candidates, parties PAC's or general media. Defendant will not violate such confidentiality for fear of impairment of its credibility and usefulness with its clients. The disclosure of Defendant's clients will cause devastating financial ruin to its company in this highly competitive political pollster small industry. This interrogatory and Plaintiffs' amended complaint seeking to sue Defendant's clients for Defendant's actions is being done solely to harass Defendant and force some kind of extorted settlement of these groundless claims.

Doc. No. 64, at 8.

In its response to the motion to compel, GMRS maintains its objection that the identities of its clients "are confidential, not to be disclosed per understandings with each," and that production of client names will cause "financial ruin." Doc. No. 66, at 11 ¶¶ 46–47; *see also* Doc. No. 66-3, at 2–3 ¶ 9. Even accepting that GMRS's client lists are confidential, "no absolute privilege immunizes confidential information from discovery." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS 161343, at *18 (S.D. Fla. Nov. 18, 2014). "The district court . . . must balance the need for protection of the [confidential information] against the claim of injury resulting from disclosure." *Cabrera v. Gov't Emps. Ins. Co.*, No. 12-61390-CIV-WILLIAMS/SELTZER, 2014 U.S. Dist. LEXIS 90810, at *27 (S.D. Fla. July 3, 2014) (quoting *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985)). The determination of whether the need outweighs the harm of disclosure falls within the sound discretion of the trial court. *Id.*

Plaintiffs named as defendants "John Does 1–100" in the amended complaint and assert that they are liable under the TCPA. Doc. No. 48. While the Court acknowledges GMRS's concern that disclosure of its clients identities will cause irreparable injury to its business, that

unsubstantiated concern is far outweighed by both Plaintiffs' need to discover the identities of these individuals or entities to pursue their claims and enforce their rights under the TCPA for the relevant class period.[5]  *Cf. Plastic the Movie Ltd. v. Doe*, No. 15-cv-021310-MARTINEZ/GOODMAN, 2015 U.S. Dist. LEXIS 128332, at *11 (M.D. Fla. Sept. 24, 2015) ("Plaintiff has a significant interest in discovering John Doe's identity so that it may proceed with this action and protect and enforce its copyright.  This interest far outweighs John Doe's interest in shielding his or her identity from plaintiff.").  Indeed, courts have routinely found that parties are permitted to conduct discovery to discover the identities of John Doe defendants.  *See, e.g.*, *Saunders v. Duke*, 766 F.3d 1262, 1268 n.2 (11th Cir. 2014) (noting that a plaintiff could "pursue discovery to uncover the identity of the agent who allegedly struck him); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim [because the defendant was unnamed], the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery.").  Plaintiffs are also entitled to the information to confirm with these third parties the manner in which phone numbers were obtained.  However, Plaintiffs have no need for the identities of parties on whose behalf GMRS only made calls *outside* the relevant class period.

Accordingly, GMRS's motion to compel a further response to Interrogatory No. 21 is **GRANTED in part and DENIED in part**.  On or before October 30, 2015, GMRS shall provide a full, sworn supplemental response to Interrogatory No. 21.[6]  The response may be limited in time to the relevant class period, which begins on August 11, 2010.

---

[5] A number of courts have indicated that theories of vicarious liability, at least in certain circumstances, may be viable under the TCPA.  *See, e.g.*, *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 378–79 (4th Cir. 2013); *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2015 U.S. Dist. LEXIS50989, at *14–19 (M.D. Fla. Apr. 17, 2015); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 13-cv-2018, 2015 U.S. Dist. LEXIS 5231, at *14 (N.D. Ill. Jan. 13, 2015).

[6] The parties may reach their own confidentiality agreements.  *See* Doc. No. 28, at 4.

5. <u>Plaintiffs' Request for Production No. 20.</u>

Plaintiffs' Request for Production No. 20 requests the following:

> All Documents sufficient to identify any third parties from whom you obtained consent to call the phone number of Plaintiff or any person you called in connection with the same campaign or program under which you called You [sic] Plaintiff, including any contracts or agreements between You and any such third party.

Doc. No. 64, at 9. The entirety of GMRS's response is as follows: "None other than voter registration records in each state equally available to Plaintiffs." *Id.* In its response to the motion to compel, GMRS seemingly presents a relevancy objection — that the lists do not show who Defendant actually called. Doc. No. 66, at 8. GMRS did not raise this objection in its original response to the discovery request, and consequently, the objection is waived. *See Siddiq v. Saudi Arabian Airlines, Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 U.S. Dist. LEXIS 151474, at *8 (M.D. Fla. Dec. 7, 2011).

GMRS asserts that the voter registration lists are publicly available. Even assuming that were true, voter registration lists across the entirety of the class period would be fluid, changing over time. Plaintiffs should not be put in the position of guessing at which, if any, versions of the "publicly available" lists GMRS contends provided consent to call either Plaintiffs or any other individual called in connection with the same campaigns as or programs Plaintiffs.[7]

GMRS also argues that "the cost of purchasing such readily available public records, while this varies from state to state, is about $350 per list, some higher." Doc. No. 66, at 8. This burden

---

[7] GMRS does not clearly articulate its position on the consent issue. On one hand, it argues that it has never raised any "defense position on consent." Doc. No. 66, at 9 ¶ 38. On the other, it argues that "consent in this case as may be required under the TCPA is based on each person called having published his/her preferred phone number to be called for political matters in public voter registration records." *Id.* at 3 ¶ 11. GMRS has also identified voter registration lists as documents responsive to the instant request for production, which concerns the manner in which GMRS obtained consent from third parties. Doc. No. 64, at 9.

argument was also waived because it was not timely raised as an objection. Moreover, this argument is a red herring. Federal Rule of Civil Procedure 34(a)(1) only requires a responding party to produce documents in its "possession, custody, or control," not to purchase documents that do not meet that threshold requirement.

Accordingly, Plaintiffs' motion to compel is **GRANTED** with respect to Request for Production of Documents No. 20. On or before October 30, 2015, GMRS must produce all documents in its possession, custody, or control that are responsive to Request for Production of Documents No. 20.

### 6. GRMS's Rule 26(a)(1) Disclosures.

Plaintiffs further request that the Court either strike GMRS's initial disclosures or compel GMRS to provide supplemental disclosures removing immaterial witnesses. Plaintiffs' request for the Court to effectively determine which witnesses GMRS may utilize is premature and, therefore, **DENIED**.

### 7. Plaintiffs' Request for Attorneys' Fees and Costs.

Plaintiffs request an award of attorneys' fees and costs "for having to litigate these unsupported (and unsupportable) discovery objections." Doc. No. 64, at 3 ¶ 5. Plaintiffs have presented no evidentiary support for their request. Moreover, because the motion was granted in part and denied in part, an award of reasonable expenses, including attorneys' fees, is discretionary. *See* Fed. R. Civ. P. 37(a)(5)(C). I decline to award attorneys' fees and costs in connection with the present motion, and the request for the same is **DENIED**.

### B.  *GMRS's Motion for a Protective Order.*

GMRS also moves for entry of a protective order, arguing that "[t]he records being requested are of . . . marginal relevance that the potential harm created by this discovery outweighs any

ordinary presumption in favor of such disclosures." Doc. No. 66, at 13 ¶ 60. It further argues that "[t]here is no obligation to produce non-existent records or reports nor is there any burden to create such records if not kept in the ordinary course of Defendant's business." *Id.* at 13 ¶ 61.

The section of GMRS's brief devoted to the motion for a protective order does not identify any specific discovery request from which it seeks protection. Accordingly, GMRS has not presented the Court sufficient information to resolve the motion in GMRS's favor. Moreover, to the extent that GMRS attempts to utilize its motion as a vehicle to raise objections that should have been (but were not) properly raised in timely objections to discovery, the effort is impermissible. *See Ehrlich v. Inc. Vill. of Sea Cliff*, No. CV 04-4025 (LDW) (AKT), 2007 U.S. Dist. LEXIS 40215, at *12 (E.D.N.Y. June 1, 2007) ("A waiver based upon a failure to timely object applied not only to general objections to discovery demands, but also to a motion for a protective order which 'must be served before the date set for production.'" (quoting *United States v. Int'l Bus. Mach. Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976))). The motion for a protective order is, therefore, **DENIED**.

### III.   CONCLUSION.

For the reasons set forth above, Plaintiffs' Second Motion to Overrule Defendant's Objections and to compel Further Answers to Discovery (Doc. No. 64) is **GRANTED in part and DENIED in part**. Defendant's Motion for Protective Order (Doc. No. 66) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE