# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| ROBERT MARTIN and KRISTIN ARMSTRONG individually and on behalf of all others similarly situated, | Case No. 6:14-cv-1290-GAP-KRS |
| *Plaintiffs*, | CLASS ACTION |
| v. | |
| GLOBAL MARKETING RESEARCH SERVICES, INC., a Florida corporation, and JOHN DOES 1-100, | |
| *Defendants*. | |

**STIPULATION OF SETTLEMENT ("SETTLEMENT AGREEMENT")**

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

This Stipulation of Settlement ("Agreement" and/or "Settlement Agreement") is dated February 5, 2016 (irrespective of when signed for reference purposes), and is entered into by and among the proposed Class Representatives, Plaintiffs Robert Martin ("Martin"), (Kristin Armstrong ("Armstrong"), Nicole Zilveti ("Zilveti"), and Alicia Thompson ("Thompson") together with the Settlement Class, on the one hand, and Defendant Global Marketing Research Services, Inc. ("Defendant" or "GMRS"), on the other. Proposed Class Representatives Martin, Armstrong, Zilveti, Thompson, and the Settlement Class are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and the Defendant are collectively referred to in this Agreement as the "Parties" and individually in context as a "Party." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), as well as any and all claims at or potentially at issue in this litigation upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Florida Court overseeing the Florida Action, a defined below.

## RECITALS

A.      On August 11, 2014, a class action complaint was filed in the Florida Court on behalf of then-named plaintiff Melanie Walsh and all others similarly situated against Defendant GMRS that was captioned *Walsh v. Global Marketing Research Services, Inc.*, (the "Florida Action" or "this Action", Dkt. 1). The original complaint alleged that GMRS had made certain political survey telephone calls in violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA") and sought statutory damages and injunctive relief on behalf of a nationwide class that encompassed, per the TCPA's four (4) year statute of limitations, cellular telephone calls made from August 11, 2010 forward;

2

B.      Following initial pleadings, the exchange of certain formal and informal discovery, and a Trial Scheduling Order directing mediation of this Action, on April 22, 2015, counsel for original Plaintiff Walsh and GMRS engaged in a full-day mediation session in Boca Raton, Florida with Rodney Max, a nationally known and well-respected mediator, in an attempt to resolve the claims. Through the mediation process, additional information and informal discovery was exchanged regarding the size and scope of the proposed class and GMRS' financial position and insurance coverage;

C.      A settlement could not be reached, however, and on May 26, 2015, the mediator declared an impasse;

D.      On June 4, 2015, Zilveti filed a case on behalf of similarly situated California cellphone users against GMRS in the Northern District of California styled *Zilveti v. Global Marketing Research Services, Inc.*, 3:15-cv-02494-KAW (the "California Action"). The California Action challenged GMRS' political survey calls under the TCPA on behalf of a class consisting only of cellphone users in California. On July 22, 2015, GMRS filed a Motion to Dismiss or Transfer the California Action to this Court, which Motion was denied on February 16, 2016. (California Action, Dkt. 45.);

E.      In the weeks following the declaration of an impasse at the mediation, former named plaintiff Walsh confirmed that she could not commit the time necessary to represent the class in the Florida Action. Plaintiffs' counsel filed a Motion for Leave to Amend the Florida Action on June 9, 2015 to remove Ms. Walsh and to substitute in Plaintiffs Martin and Armstrong as named plaintiffs in this Action along with other amendments to the pleadings. On June 25, 2015, this Court granted the Motion for Leave to Amend. (Florida Action, Dkt. 47.);

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

F.    On June 25, 2015, Thompson filed a case on behalf of similarly situated Pennsylvania cell users against GMRS in the Eastern District of Pennsylvania styled *Thompson v. Global Marketing Research Services, Inc.*, 2:15-cv-03576-AB. ("*Thompson*"). The *Thompson* case challenged GMRS' political survey calls under the TCPA on behalf of a class consisting only of cellphone users in Pennsylvania. Where appropriate, the *Thompson* case, the California Action, and the instant Florida Action are collectively referred to as "the Actions." On July 31, 2015, GMRS filed a Motion to Dismiss or Transfer the *Thompson* case to this Court. Defendant's Motion was granted and the *Thompson* case was transferred to this Court on January 20, 2016 for further proceedings. On March 4, 2016, the Parties file a Stipulation asking that the *Thompson* case and the Florida Action be consolidated;

G.    On October 15, 2015, following additional discovery in the Florida Action, this Court granted in part and denied in part Plaintiffs' Second Motion to Compel. (Florida Action, Dkt. 84.);

H.    Also on October 15, 2015, the United States Department of Justice filed a notice of intent to intervene and defend the constitutionality of the TCPA in the California Action. On November 20, 2015, the United States Department of Justice filed a similar notice of intent to intervene and defend the constitutionality of the TCPA in the *Thompson* case (prior to its transfer);

I.    Shortly thereafter, counsel for the Parties agreed to return to the mediation process. On October 20, 2015, counsel for the Parties met in Orlando, Florida for an intensive, all-day second mediation session with Mr. Max. Although a settlement was not reached at the second session, counsel for the Parties, through regular and repeated communications overseen by Mr. Max, continued to negotiate the terms of this Agreement;

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

J.      Throughout this time it was understood that GMRS had insurance coverage for claims arising from cell calls made in the years 2012 through 2014 as provided by Old Dominion Insurance Company ("Old Dominion") but that GMRS lacked such insurance for calls in 2010-2011. In early January 2016, the Parties became aware of additional insurance coverage available to GMRS for claims arising in 2010-2011 under policies earlier issued by Mapfre Insurance Company of Florida ("Mapfre"). The Parties jointly requested additional time from the Florida Court to continue these negotiations to seek to include Mapfre, and the Florida Court entered an Order granting this request on January 11, 2016 (Florida Action, Dk.t 94);

K.      After several more rounds of arms-length negotiations facilitated by Mr. Max, including a third day long conference at Defense counsel's office in Florida on February 3, 2016, counsel for the Parties reached an agreement as to the framework of the proposed settlement and the relief to be made available to the Settlement Class . Only after an agreement in principle was reached with respect to the relief to be afforded to the Settlement Class did the Parties negotiate Incentive Awards for the Class Representatives and the issue of reasonable attorneys' fees for Class Counsel;

L.      At all times, Defendant has denied and continues to deny all wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of any law or duty alleged in the Actions. Defendant also contends that it has acted properly in all respects in connection with the preparation and making of all telephone calls. Defendant also denies: (1) each and all of the claims and contentions alleged by Plaintiffs; (2) all charges of wrongdoing or liability against it or its agents arising out of any conduct, statements, acts, or omissions alleged in the Actions; and (3) that Plaintiffs or the Settlement Class are entitled to any form of damages or other relief based on the conduct alleged

5

in the Actions. Defendant also maintains that it has strong, meritorious defenses to the claims alleged in the Actions and that it was prepared to vigorously defend all aspects of the Actions. Nonetheless, having conducted an investigation of the facts, analyzed the relevant legal issues and taken into account the uncertainty and risks inherent in any litigation, Defendant has concluded that further defense of the Actions would be protracted, risky, burdensome and expensive, and that it is desirable and beneficial to it that the Actions be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement, therefore, is a compromise of disputed rights and remedies between the Parties and all Parties acknowledge it represents a fair and reasonable resolution of disputes claims and defenses for all concerned. This Agreement, any related documents, and any associated negotiations shall not be construed as or deemed to be evidence of, or an admission or concession of, liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below) with respect to any claim of any fault or liability or wrongdoing or damage whatsoever. It is understood and agreed that this Agreement represents a full and final resolution of all claims, at law or in equity, arising out of the subject matter of these Actions;

M.      Plaintiffs believe that the claims asserted in the Actions against the Defendant have merit and that they would have ultimately been successful in certifying the proposed class under Rule 23 in each Action and in prevailing on the merits at summary judgment or trial in each Action. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge that Defendant has raised factual and legal defenses in the Actions that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation, including the risk that a judgment would render Defendant insolvent

6

and be uncollectable. Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth in this Agreement. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Actions pursuant to the terms and provisions of this Agreement;

N.      The Parties agree that the Actions have been resolved in good faith, following arms'-length bargaining presided over by a neutral and highly experienced and respected mediator, and that the settlement reflected in this Agreement confers substantial benefits upon the Parties, and each of them;

O.      Accordingly, it is now the intention of the Parties and the objective of this Agreement to avoid the costs of trials and continued litigation, and to settle and dispose of, fully and completely and forever, the Released Claims and any and all claims and causes of action asserted in the Actions, subject to final approval of this Court after a hearing or hearings as provided for below, and that upon final approval of this Agreement by this Court and fulfillment of each party's obligations hereunder that a final order dismissing this Florida Action (as consolidated with the *Thompson* case) with prejudice is to be entered by this Court, followed by the entry of a final order for dismissal as may be necessary in the California Action.

## AGREEMENT

## 1.      DEFINITIONS

In addition to terms defined throughout this Agreement and in any schedule or exhibit hereto, and under any Law, the following terms shall have the meaning set forth below and shall be deemed defined, for purposes of this Agreement only, as follows:

7

**1.1**     **"Actions"** means and refers to the following three (3) lawsuits: (1) *Martin et al. v. Global Marketing Research Services, Inc* Case No. 6:14-cv-1290-GAP-KRS (M.D. Fla.) (the Florida Action); (2) *Thompson v. Global Marketing Research Services, Inc.*, previously case no. 2:15-cv-03576-AB. (E.D. Pa.) and re-assigned following transfer to the Middle District of Florida as case no. 6:16-cv-306-Orl-31DAB (the "*Thompson*" case), and (3) *Zilveti v. Global Marketing Research Services, Inc.*, 3:15-cv-02494-KAW (N.D. Cal.)) (the "California Action").

**1.2**     "**Affiliate**" shall mean as to GMRS any Person, directly or indirectly, through one or more intermediaries, Controlling, Controlled by, or under common Control of GMRS and any shareholder of GMRS and for purposes of this Agreement shall expressly include each of the following entities regardless of Control issues: Anthony J. Diana individually, Kalamata Research Services, LLC; Polling.Net, Inc.; Anthony J. Diana, Inc.; Global Strategy Group, LLC; Metty's Investments, LLC; Bleecker Street Investments, LLC; and their respective shareholders, members, managers, officer, directors, employees, agents and attorneys of each of them. It is expressly understood that GMRS's Affiliates are third party beneficiaries of the releases set forth herein.

**1.3**     **"Approved Claim" and** "**Valid Claim**" shall both mean a Claim that meets all requirements expressly set forth in this Agreement and is approved by the Settlement Administrator that also meets the following requirements: (a) the Claim is submitted on a timely basis in accordance with the directions on the Claim Form and the provisions of this Agreement; (b) the Claim is fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Settlement Class Member; (c) the Claim is signed by the Settlement Class Member, physically or electronically, under penalty of perjury; and (d) the Claim is verified by the Settlement Administrator pursuant to Section 5.2.

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

**1.4**    "**ATDS**" means an automatic telephone dialing system subject to the provisions of the TCPA.

**1.5**    "**Business Day**" shall mean and refer to any day where the federal court in the Florida Action is open to the public for the conduct of business but shall exclude any federal legal holidays, and weekends (Saturday and Sunday) of each week.

**1.6**    "**Claim**" means a written claim on the approved "Claim Form," submitted by a Settlement Class Member to the Settlement Administrator requesting to receive benefits under the terms of this Settlement Agreement.

**1.7**    "**Claims Deadline**" means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than forty-five (45) days after entry of the Final Order. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

**1.8**    "**Claim Form**" means the document substantially in the form attached as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement, shall be available in electronic and paper format.

**1.9**    "**Class**" **and/or** "**Settlement Class**" means as follows: All Persons in the United States or its territories who received a call successfully placed by or on behalf of GMRS to that Person's cellular telephone, through the use by GMRS of an ATDS, at any time from August 11, 2010 through December 31, 2014, consisting of approximately 688,650 Persons where the Person upon answering such call either: (a) participated in a GMRS survey, (b) declined to participate at the time of the first such call without objection to be called back at a later time, or, (c) upon answering such call directed never to be called by GMRS again. The Settlement Class

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

includes but is not limited to those Persons whose telephone numbers and other identifying information appears on the Class List.

**1.10** "**Class Period**" means the time period commencing August 10, 2010 and ending on December 31, 2014.

**1.11** "**Class Counsel**" means, subject to the approval of the Florida Court, Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC and Stefan Coleman of the Law Office of Stefan Coleman, LLC.

**1.12** "**Class List**" means and refers to the list of cellular telephone numbers and Persons identified by GMRS as part of the Settlement Class. GMRS shall use its reasonable efforts to compile the Class List.

**1.13** "**Class Member**" and "**Settlement Class Member**" mean a Person who falls within the definition of the Class as set forth herein, including the Class Representatives, and who has not submitted a valid request for exclusion. Notwithstanding anything to the contrary, there shall be permitted only one Class Member and a single claim for such Class Member for each cellular telephone number called regardless of: (i) the number of owners of such cellular telephone number or device; (ii) the number of times such cellular telephone number was called by Defendant; or (iii) or the number of such calls answered by the Class Member. GMRS reasonably believes that the total estimated size of the Settlement Class for the Class Period is comprised of approximately 688,650 Persons to whom cellphone calls were successfully placed.

**1.14** "**Class Representatives**" means and refers to the named Plaintiffs in these Actions, Robert Martin, Kristin Armstrong, Nicole Zilveti, and Alicia Thompson.

**1.15** "**Control**" **and** "**Controlling**" both mean in context as applicable: (i) an individual, the legal authority to make binding contractual decisions for such individual (such as

10

a trustee of a trust); and (ii) with respect to a legal entity (such as a corporation, limited liability company, professional corporation, a limited partnership, etc.), the right to exercise, directly or indirectly, more than fifty percent (50%) of the voting rights attributable to the controlled entity, and, (iii) with respect to any unregistered joint venture, partnership or association, the legal authority to make binding contractual decisions for such entity and the power to direct or cause the direction of the management or policies of the controlled entity.

      **1.16** **"Defendant" or "GMRS"** means Global Marketing Research Services, Inc., a Florida Corporation.

      **1.17** **"Effective Date"** means seven (7) calendar days after which all of the events and conditions specified in Paragraph 9.1 have occurred and/or been met.

      **1.18** **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Florida Court to Class Counsel for these Actions, as set forth in Section 8 below, which will be paid out of the Settlement Fund.

      **1.19** **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Order approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

**1.20** **"Final Approval Hearing"** means the hearing before the Florida Court where the Parties will request the Final Order to be entered by the Court approving the Settlement Agreement, the Fee Award, and the Incentive Award to the Class Representatives.

**1.21** **"Final Order"** means the Final Order to be entered by the Florida Court approving this class settlement in accordance with this Agreement after the Final Approval Hearing.

**1.22** **"Florida Court" or "this Court"** means the United States District Court, Middle District of Florida, Orlando Division, the Honorable Gregory A. Presnell presiding, or any judge of this court who may be designated to preside over matters in the Florida Action.

**1.23** **"GMRS' Counsel"** means defense counsel, Steven G. Schwartz of the Schwartz Law Group.

**1.24** **"GMRS' Insurers"** or similar terms (e.g. "its Insurers" or "Defendant's Insurers") mean and refer collectively where appropriate to Old Dominion Insurance Company and Mapfre Insurance Company of Florida ("Mapfre").

**1.25** **"Old Dominion's Counsel"** means Jeffrey Blaker of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow, Schefer, Gutterman, Kraft, Klein. In the event Mapfre agrees to participate in this settlement, Mapfre's Counsel shall be added to this Agreement.

**1.26** **"Incentive Award"** means and refers to the payments to the Class Representatives, as approved the Florida Court, for their service in the Actions and with respect to the Settlement Agreement as set forth in Section 8.3 below.

**1.27** **"Insurers' Contribution Limit"** means and refers to the maximum obligation of GMRS' Insurers to contribute to, or pay any amounts required under, the Settlement Fund (defined below). In this case, the Insurers' Contribution Limit shall be capped at ten million

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

($10,000,000.00 USD) dollars with Old Dominion's contribution under all circumstances capped at six million dollars ($6,000,000.00 USD) (the "Old Dominion Contribution Cap") and Mapfre's contribution capped at four million ($4,000,000.00 USD) dollars (only in the event Mapfre agrees to participate in this Agreement as set forth below). GMRS is responsible for any amounts required to be paid to or from the Settlement Fund in excess of the Old Dominion Contribution Cap in the event Mapfre declines insurance coverage to GMRS for the claims being resolved by this Agreement or refuses to participate in this Agreement.

    **1.28** **"Law" and "Laws"** mean all applicable federal, state, county, city, municipal, foreign, or other governmental statute, law, rule, regulation, ordinance, order, code, or requirement including applicable Florida laws, California laws, and Pennsylvania laws, and including the TCPA and all regulations promulgated thereunder, and any other requirement under the common law.

    **1.29** **"Nationwide"** means the fifty states of the United States of America and its territories or possessions as may be subject to the TCPA or any claims asserted in the Actions.

    **1.30** **"Notice"** means the notice of this proposed Class Action Settlement and Final Approval Hearing, which is to be delivered *via* direct mail notice, with supplemental publication, to be sent to the Settlement Class Members substantially in the manner set forth in this Agreement, consistent with the requirements of due process and FRCP Rule 23 as expressly provided herein, and as substantially in the form attached as Exhibits B and C.

    **1.31** **"Notice Date"** means the day by which the Notice Plan set forth in Paragraph 4 is complete, which shall be a date no later than thirty (30) days after entry of the Preliminary Approval Order.

    **1.32** **"Notice Plan"** means the proposed plan developed by the Settlement

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

Administrator and approved by the Parties for disseminating notice to members of the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing.

    **1.33** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no earlier than forty-five (45) days after the entry of the Notice Date and at least fourteen (14) days after papers supporting the Fee Award are posted to the settlement website listed in paragraph 4.2(e), or such other date as ordered by the Court.

    **1.34** **"Parties"** or **"Settling Parties"** means Plaintiffs Robert Martin, Kristin Armstrong, Nicole Zilveti, Alicia Thompson, the Settlement Class, and the Defendant, GMRS, including its Affiliates and its clients who earlier provided cell phone data to GMRS to place the subject cell calls, but as to such clients, any settlement is solely as to claims alleged in these Actions and those claims being released hereunder.

    **1.35** **"Person"** shall mean, without limitation, any individual, and any entity including, without limitation, a corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any other business or legal entity and their respective predecessors, successors, representatives, and assigns.

    **1.36** **"Plaintiffs"** means the named Plaintiffs Robert Martin, Kristin Armstrong, Nicole Zilveti, Alicia Thompson, and the Settlement Class, collectively.

    **1.37** **"Preliminary Approval"** means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of the Settlement Agreement, and approval of the form of the Notice and of the Notice Plan.

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

1.38   **"Preliminary Approval Order"** means the order: (1) preliminarily approving the Settlement Agreement, (2) certifying the Settlement Class solely for settlement purposes, (3) appointing Class Counsel and the named Plaintiffs as the Class Representatives for the purposes of the Settlement Agreement, (4) and directing notice thereof to the Settlement Class, a proposed version of which that is consistent with Exhibits A, B  and C attached hereto will be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

1.39   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, punitive, treble, exemplary or multiplied damages, expenses, costs, attorneys' fees, fines, penalties, awards, interest (including pre-judgment interest), and all other obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or any other federal, state, local, statutory or common law or any other Law, rule or regulation, including the law of any jurisdiction outside the United States (including both direct, vicarious, and derivative claims) against the Released Parties, or any of them, relating to, based on, in connection with, and arising out of any one or more of and each of the following: (i) GMRS' alleged use of an ATDS, any alleged violations of the TCPA or similar federal, state, local, statutory or common law or any other similar law, rule or regulation, and (ii) the facts, claims, causes of action, damages alleged or which could have been alleged in the Actions, and (iii) all pleadings and motions filed or which could be filed in the Actions.

1.40   **"Released Parties"** means Defendant GMRS and its Affiliates as well as any client of GMRS that provided GMRS with the cellular telephone numbers used to call the Class

15

Members, and/or such clients on whose behalf GMRS called the Class Members, including any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent entities, subsidiaries, associates, Affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, vendors, directors, managing directors, officers, partners, principals, members, managers, attorneys, accountants, owners, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, and companies, firms, trusts, corporations, officers, directors, other individuals or entities in which the Defendant has a Controlling interest, or any other representatives of any of these Persons or entities.

  **1.41**   **"Releasing Parties"** means Plaintiff Martin, Plaintiff Armstrong, Plaintiff Zilveti, Plaintiff Thompson, and those Settlement Class Members who do not timely opt out of the Settlement Class (whether or not such Members submit claims), and, to the extent a Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned Releasing Parties' present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

  **1.42**   **"Remaining Settlement Funds"** means the amount of the Settlement Fund remaining after the payments of Approved Claims to the Settlement Class, as well as all Settlement Administrative Expenses, the Incentive Award to Class Representatives, and the Fee Award as decided by the Court. Any monies remaining in the Settlement Fund after payment of the items referred to in the first sentence of this subsection, together with any interest earned thereon, shall revert to GMRS or its Insurer(s) according to whose funds were advanced or paid

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

for the Settlement Fund pursuant to any separate agreement between them.

 **1.43** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, mailing checks for Approved Claims, as well as any costs incurred in sending the CAFA notices described in Paragraph 4.2(g) below. All Settlement Administration Expenses are to be paid by Defendant and/or its Insurer(s) in accordance with any separate agreement by and between them governing the funding of the Settlement Fund.

 **1.44** **"Settlement Administrator"** means Kurtzman Carson Consultants ("KCC") or such other contractor selected by the Parties and approved by the Court to develop the Notice Plan, oversee the distribution of Notice, and conduct the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement and of any other amounts to any other Persons called for under this Agreement.

 **1.45** **"Settlement Agreement"** or **"Agreement"** means this Settlement Agreement.

 **1.46** **"Settlement Fund"** means and refers to a non-segregated amount not to exceed ten million dollars ($10,000,000.00 USD) that shall be made available to the Settlement Administrator to pay all Approved Claims, Settlement Administration Expenses, the Incentive Award to the Class Representatives, and the Fee Award, if any. The Settlement Fund represents the limit and extent of Defendant's and its Insurer(s)' monetary obligations under this Agreement without regard to the source of such funds. In no event shall Defendant's total financial liability with respect to this Agreement exceed ten million dollars ($10,000,000.00). Neither Defendant nor its Insurer(s) shall  be required to segregate such funds into a separate account nor to make any required set-aside of such amounts. No interest shall accrue on the Settlement Fund. Defendant and its Insurer(s) shall be given a credit for any funds advanced by either of them to

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

the Settlement Administrator or otherwise for funding of the settlement and shall only be required to provide funds as necessary to the Settlement Administrator to fund Approved Claims or cover other approved charges against the Settlement Fund with sufficient lead time for when due to be disbursed.

  **1.47**   **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* and all regulations promulgated thereunder, including 47 C.F.R. §64.1200, *et seq*.

  **1.48**   **"Unknown Claims"** means any and all causes of action and claims that could have been filed, asserted, maintained and raised in any pleading, motion or other filing in the Actions and that the Plaintiffs, the Class Members and the Releasing Parties, or any of them, do not know or suspect to exist, which, if known by such Person might affect such Person's agreement enter into this Settlement Agreement and release the Released Parties from the Released Claims or might affect such Person's decision to agree, object, or not object to the settlement under the terms of this Agreement. Upon the Effective Date, Plaintiffs, the Class Members and the Releasing Parties, shall be deemed to have, and shall have, jointly and severally, voluntarily, knowingly, and expressly irrevocably waived, released and relinquished all such Released Claims to the fullest extent permitted by law, including as to any Class Members subject to California Law the provisions, rights and benefits of Section 1542 of the California Civil Code, or of any other comparable state or federal law, which provides in substantial if not express part, as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MAY HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provision, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2.    SETTLEMENT RELIEF

### 2.1    Monetary Payments to Settlement Class Members

(a)    The Class Members shall have until the Claims Deadline to submit a Claim. Defendant agrees to pay from the Settlement Fund the sum of fifteen dollars ($15.00 USD) to each Class Member who timely files an Approved Claim, subject to the following possible *pro rata* reductions: if the total amount required to pay fifteen dollars ($15.00 USD) for each Approved Claim would exceed the net amount remaining available for such payments from the Settlement Fund after payment of: (1) Defendant's portion of the Settlement Administration Expenses, (2) the Incentive Awards to the Class Representatives, (3) and the Fee Award, if any, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* reduced amount for such Person's Approved Claim as determined by the remaining net balance of the Settlement Fund after payment of such amounts for Expenses, Incentive Awards, and the Fee Award.

(b)    Within sixty (60) days after the Effective Date, or such other date as the

19

Court may set by order, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims by check and mail them to the Class Member for such corresponding Approved Claim within the Settlement Class via first-class mail.

      **(c)**      All cash payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance of such check. To the extent that a check issued to a Settlement Class Member is not cashed or negotiated within ninety (90) days after the date of issuance (an "Uncashed Check"), that Uncashed Check will be automatically deemed void and shall not be reissued, and such funds applicable to the Uncashed Check shall revert to the Settlement Fund subject to refund to GMRS or its Insurer(s) pursuant their agreement. In no event will the funds represented by an Uncashed Check constitute abandoned or unclaimed property, and the Defendants or GMRS' Insurer(s), as the case may be, are entitled to all such funds as part of the Remaining Settlement Funds. In the event any checks that are mailed "bounce back," (that is, are returned in the mail as undeliverable) the Settlement Administrator shall make one attempt at re-mailing the check following attempts to verify the current address of the Settlement Class Member to whom the bounced back check was mailed.

      **(d)**      In the event there are any Remaining Settlement Funds in or returned to the Settlement Fund more than one hundred eighty (180) days after the Effective Date, then the Settlement Administrator shall return such funds to the Defendant or to GMRS' Insurer(s) as appropriate per terms of any separate agreement(s) between or among them as to funding of the Settlement Fund.

    **2.2**    **Prospective Relief:**  Defendant agrees it shall affirmatively use commercially reasonable efforts to institute the following best practices on or before the Effective Date, which

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

shall remain in effect for a period of eighteen months (18) months from the Effective Date: (a) unless otherwise permitted by law then in force, GMRS shall refrain from making calls to cellular phones using an ATDS unless to the best of its knowledge each call recipient has given prior express consent to receive such calls; and (b) Defendant shall use its best efforts to identify cellular telephone numbers from residential landline telephone numbers prior to calling such cellular telephone numbers by means other than an ATDS.

      **2.3**    **Class Member List Removal Requests:** Each Claim Form will include an additional option to remove any Settlement Class Member's cell phone number from any list or database of numbers that GMRS may have in its possession to which phone calls could be made. Removal of a Settlement Class Member's cell phone number from any such list or database will not preclude or prohibit such a Person from providing prior express consent to receive calls in the future, nor will it preclude or prohibit a subsequent new owner of a Settlement Class Member's cell phone number, who may or may not be a member of Settlement Class, from providing prior express consent to receive calls to that cell phone number at any time.

**3.**    **RELEASES**

      **3.1**    The obligations incurred pursuant to this Settlement Agreement shall constitute a full and final disposition, settlement, and dismissal of the Actions and any and all Released Claims by the Releasing Parties against all Released Parties, subject to any preserved rights of GMRS and/or Old Dominion as to pursuing amounts against Mapfre in the event of Mapfre's refusal to participate in this settlement.

      **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, jointly and severally, shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released

21

Parties, and each of them.

**3.3**    In addition to the foregoing, upon the Effective Date the Class Representatives, on behalf of themselves and their present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them, jointly and severally, shall be deemed to have released any and all claims against GMRS and the Released Parties that were or could have been brought against GMRS and the Released Parties either in these Actions or in any separate proceeding in any court of competent jurisdiction. GMRS shall be able to raise a defense in any subsequent action alleging Release Claims that payments to any Person based on an Approved Claim operates as an accord and satisfaction as to any claims such Persons may otherwise have arising from, or which could have been asserted in, the Actions.

## 4.    NOTICE TO THE CLASS

**4.1**    Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice, describing the Final Approval Hearing and the terms of the settlement embodied in this Agreement, and the Claim Form to be disseminated to the Class Members by the Notice Date. Such notice shall comport with due process and FRCP Rule 23, and be effectuated pursuant to the Notice Plan, the costs of which shall be Settlement Administration Expenses.

**4.2**    The Notice Plan, developed by the Settlement Administrator with the assistance of the Parties, shall include:

**(a)**    *Class List*. The Parties agree that within seven (7) days of preliminary approval, the Settlement Administrator shall be provided with a copy of the Class List, as updated by GMRS from time to time within its reasonable capabilities, without undue hardship,

22

cost or expense, to include any known cellular telephone numbers called during the relevant time frame, the name of the believed owner of the number, and his or her last known US mailing address for purposes of direct mailing of Notice to such Persons. The Parties and/or the Settlement Administrator shall thereafter update the Class List as appropriate using the national change of address registry and/or any necessary and appropriate reverse look-up methods as to those numbers for which an address cannot be determined by GMRS. The Parties acknowledge that the Class List does not include all numbers and all potential Class Members. Therefore, Notice to the Class shall also be supplemented by the Settlement Administrator by providing Publication Notice per subsection (c) below, to be agreed upon by the Parties. The Parties, Class Counsel, GMRS' counsel, and the Settlement Administrator shall keep the Class List (and all personal information obtained therefrom, including the identity and telephone numbers for the persons comprising the Settlement Class) confidential.

  **(b)**  *Direct Notice by Mail.* No later than thirty (30) days after the entry of the Preliminary Approval Order or on such other date determined by the Court, the Settlement Administrator shall send Notice substantially in the form attached as Exhibit B by post card at bulk mailing rates to each physical address on the Class List as updated by the national change of address registry.

  **(c)**  *On-Line Publication Supplement.* The direct mail notice identified above shall be supplemented, to the extent necessary to satisfy Rule 23 and due process, through the placement of Internet banner ads on websites chosen by the Settlement Administrator with the approval of the Parties or like notice methods not to exceed publication for a period of thirty (30) days. Such banner ads shall direct Settlement Class Members to the Settlement Website.

  **(d)**  *Settlement Website.* Within seven (7) days following the entry of the

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

Preliminary Approval Order or as soon as practicable the Settlement Administrator shall establish and oversee a settlement website at www.MartinTCPASettlement.com, which shall be available to Class Members and shall include posting of the Notice and the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect. The Notice on the Website shall be a traditional "long form" notice, substantially in the form attached as Exhibit C. The website shall include links to the Settlement Agreement, the Complaints in the Actions, the Motion(s) for Approval, Approval Order(s) and Final Judgment pleadings, as well as important dates.

      **(e)**    *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent Complaints and all materials filed with the complaints in the Actions or notice of how to electronically access such materials; (2) notice of scheduled judicial hearings in the Actions; (3) all proposed forms of Notice; and (4) a copy of this Agreement. The Settlement Administrator shall serve upon the above-referenced government officials the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement.

    **4.3**    The Notice shall advise the Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its

24

terms. The Notice shall specify that: (a) any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection files notice of his or her intention to do so and at the same time files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court and sends copies of such papers mail, hand, or overnight delivery service to Class Counsel and GMRS' Counsel, and (b) that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.

**4.4**     Any member of the Settlement Class who intends to object to this Agreement must include in the objection his/her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Class Member, provide the cellular phone number that received the calls, and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing and, if so, whether the appearance will be with or without counsel. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as detailed in this Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be valid, the objection must be filed with the Court and delivered or postmarked and sent via mail to Class Counsel and GMRS' Counsel on or

25

before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

**4.5**     A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified on the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular phone number that received the calls, the name and number of the case, and a statement that such Person intends to be excluded from the Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. Any Settlement Class Member who elects to be excluded shall not: (i) be bound by any orders of the Final Order; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

**4.6**     *Costs of Notice and Settlement Administration*. Defendant and/or its Insurer(s) as agreed between or among them shall be responsible for all costs of Notice and Settlement Administration.

**5.**     **SETTLEMENT ADMINISTRATION**

**5.1**     The Settlement Administrator shall, under the Court's supervision, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost-effective, and timely manner. The Settlement Administrator shall maintain

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall ensure that all such records will be made available for inspection and copying to Class Counsel and GMRS' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and GMRS' Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to GMRS' Counsel and Class Counsel, all original (or suitable copies of) documents and other materials received in connection with the administration of the Settlement, within fifteen (15) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Settlement Class and other requests from Settlement Class Members and promptly provide to Class Counsel and GMRS' Counsel copies thereof upon receipt. If the Settlement Administrator receives any requests for exclusion or other requests from Settlement Class Members after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and GMRS' Counsel.

(c)     Provide weekly or other periodic reports to Class Counsel and GMRS' Counsel, including without limitation, reports regarding the number of Claim Forms received and the amount of the payments sought, the number thereof approved by the Settlement

27

Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

      **(d)**    Make available for inspection and copying by Class Counsel and/or GMRS' Counsel, the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

      **5.2**    The Settlement Administrator shall reject a Claim Form, or any part of a Claim for a payment reflected therein, where the telephone number provided on the Claim Form does not appear on the Class List, cannot be validated as having been called by GMRS, where the Person submitting the claim is not the owner or primary user of the cellular number at which the call(s) was received as required under the TCPA and/or where the claim otherwise fails to meet the express definition of an Approved Claim set forth in Section 1.3 above. In addition, the Settlement Administrator shall employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to comply with the instructions thereon or the terms of this Agreement, after giving the claimant a reasonable opportunity to provide any requested missing information, but in no event shall any Settlement Class Member have more than thirty (30) days after being noticed by the Settlement Administrator of any question or deficiency in the submitted Claim Form to answer the question or cure such deficiency.

      **5.3**    Both Class Counsel and/or GMRS's Counsel either individually or jointly shall have the right to challenge the acceptance or rejection of a Claim Form submitted by a Settlement Class Member. The Settlement Administrator shall be bound by any agreed decisions of Class Counsel and Defendant's counsel as to the validity of any disputed Claim Form. To the

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

extent Class Counsel and Defendant are not able to agree on the disposition of a challenge, the Parties shall present such challenge to the Florida Court (whether to be determined by Court-designated Magistrate Judge or otherwise) for binding, non-appealable decision as to such challenge, subject to any confidentiality provisions as necessary to assure the privacy of the person whose claim is challenged.

    **5.4**    In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

    **5.5**    The Final Approval Hearing shall be no earlier than sixty (60) days after the Notice Date.

    **5.6**    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek timely exclusion from the Settlement Class or timely file a valid Claim Form shall be deemed a Class Member bound by this Agreement but shall not be entitled to receive any cash award or any other benefits pursuant to this Agreement, but will otherwise be bound together with all respective Settlement Class Members by all of the terms of this Agreement, including the terms of the Final Order to be entered in the Action and Releases provided for in the Agreement, and will be barred from filing or prosecuting any claim, cause of action or proceeding against any of the Released Parties within the scope of the Released Claims.

    **5.7**    The Settlement Administrator and the Parties each agree to keep all information received pursuant to Paragraph 5 of this Agreement—including the Class List and all personal information of the Settlement Class obtained therefrom—confidential and may use it only for purposes of effectuating this Agreement.

**6.**    **TERMINATION OF SETTLEMENT**

29

**6.1**      Subject to Paragraph 9 below, the Class Representatives, on behalf of the Settlement Class, and/or Defendant, and each or any of them, shall each have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties within ten (10) business days of any one or more of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Order in this Action in any material respect; (iv) the date upon which the Final Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which the Alternate Order, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2**      Notwithstanding any other provision contained herein to the contrary, Defendant shall have the right, but not the obligation, to terminate this Agreement if over twenty 20% of the Settlement Class files valid requests for exclusion from this Agreement. To exercise this right, Defendant must provide written notice to Plaintiff no later than fourteen (14) days following the Objection/Exclusion Deadline.

**7.      PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

**7.1**      Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Florida Court and shall move the Florida Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representatives, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date, the Objection/Exclusion deadline, the Claims Deadline, and approve the

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the forms attached as Exhibits A, B, and C. Simultaneously with this Motion for Preliminary Approval, counsel for the Parties shall jointly submit appropriate notices of its submission to the Court presiding over the California Action, with a request to enter an interim order staying all further proceedings pending this Court's disposition of this proposed settlement. The Parties further agree that, no later than fourteen (14) days after the Effective Date, they shall file: (a) appropriate papers with the California Court dismissing the California Action with prejudice and, (b) to the extent necessary, appropriate papers with the Florida Court dismissing the *Thompson* case with prejudice.

**7.2**     At the time of the submission of this Agreement to the Florida Court as described above, Class Counsel and GMRS' Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth in this Agreement.

**7.3**     After Notice is given, the Parties shall request from the Court a Final Order. The Final Order will (among other things):

**(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all attached exhibits;

**(b)**     approve the Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

Plaintiffs and the Releasing Parties;

**(c)**     find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)**     find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)**     dismiss this Action (including all individual claims and class action claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)**     incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth in this Agreement;

**(g)**     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)**     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

all material respects with the Final Order, or (b) do not limit the rights of Settlement Class Members; and without affecting the finality of the Final Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose; and

> **(i)** incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**8.1** The Parties have agreed that Class Counsel is entitled to an award of reasonable attorneys' fees and costs for its prosecution of the Actions on behalf of the Settlement Class. This Fee Award is to be paid out of the Settlement Fund in such amounts as determined by binding decision of the Florida Court upon a Motion for Reasonable Attorneys' Fees and Reimbursement of Expenses to be filed by Class Counsel thirty-five (35) days prior to the Final Approval Hearing. Defendant reserves the right to object to the amount of attorneys' fees and expenses sought in Class Counsel's Motion for Reasonable Attorneys' Fees and Reimbursement of Expenses by filing such objections no later than fourteen (14) days prior to the Final Approval Hearing. Class Counsel shall thereafter have seven (7) days to file any reply. Class Counsel's Motion for Reasonable Attorneys' Fees and Reimbursement of Expenses, any objections filed by Defendant, and any reply shall be posted and made available for viewing on the Settlement Website.

**8.2** Class Counsel shall be paid the Fee Award by the Settlement Administrator via electronic transfer to an account designated by Class Counsel providing necessary information to the Settlement Administrator no later than fourteen (14) days following the Effective Date.

**8.3** In addition to any Approved Claim payment to which each of them may be

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

entitled to under the Settlement Agreement, in the event any of them at their election submit and qualify for an Approved Claim, in recognition of their efforts on behalf of the Settlement Class, the Class Representatives shall, subject to the approval of the Court, be awarded an Incentive Award in the aggregate amount of twenty thousand ($20,000.00 USD) dollars to be divided equally between Plaintiffs Martin, Armstrong, Zilveti, and Thompson (five thousand dollars ($5,000.00 USD) each) or as otherwise determined by the Florida Court. Defendant agrees that such an aggregate Incentive Award amount is reasonable and that it shall not oppose such award, directly or indirectly. This Incentive Award shall be paid in recognition of the Plaintiffs' time, exposure, and effort serving as the Class Representatives in this litigation and without regard to whether any of them submit an Approved Claim. The Settlement Administrator shall pay said Incentive Award amounts via check from the Settlement Fund to the Class Representatives, such checks to be sent care of Class Counsel within ten (10) days after the date the Court enters the Final Order if there have been no objections to the Settlement Agreement, and, if there have been such objections, within fourteen (14) days after the Effective Date.

**9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**    This Agreement has been signed by Class Counsel, the Named Plaintiffs, GMRS, and GMRS' Insurer;

**(b)**    The Court has entered the Preliminary Approval Order;

**(c)**    The Court has entered an order finally approving the Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the

34

Federal Rules of Civil Procedure, and has entered the Final Order, or an order substantially consistent with this Agreement; and

      **(d)**     The Final Order has become Final, as defined above, or, in the event that the Court enters a final order in a form other than that provided above ("Alternate Order") and that has the consent of the Parties, such Alternate Order becomes Final.

    **9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Class Counsel, Defendant, and GMRS' Insurer(s) mutually agree in writing to proceed with the Agreement. If any party to this Agreement is in material breach of the terms of this Agreement, any other party, provided that it is in substantial compliance with the terms of the Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything in this Agreement, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Paragraphs 8.1 and 8.2 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

    **9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, 9.1 or 9.2 above, the Parties shall be restored to their respective positions in the Actions as of the date of the signing of this Agreement with all claims or their defenses fully preserved. In such event, any Final Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Actions as if they had never entered into this Agreement, subject to reasonable extensions of time as to any then-pending

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

discovery or other deadlines and any trial dates for the Actions.

**10.    MISCELLANEOUS PROVISIONS**

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties, Class Counsel, GMRS' Counsel, GMRS' Insurer(s), and GMRS' Insurer(s)' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval order, the Settlement Agreement, and the Final Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    In the event that Mapfre declines coverage for GMRS' claims and refuses to participate in this settlement on such terms as mutually agreed between and among GMRS, Old Dominion and Mapfre, GMRS reserves all rights, claims, benefits, and causes of action against Mapfre under any Mapfre insurance policies issued for the years 2010 and 2011 for any losses, injuries, or damages, including attorneys' fees and costs based on, in connection with, relating to or arising from any cell calls made by defendant in 2010 and 2011 covered by the Actions and this Settlement Agreement, GMRS' obligations hereunder, and Mapfre's declination of coverage of such claims and/or refusal to contribute to the Settlement Fund.

**10.3**    In the event Mapfre refuses to participate in this settlement on such terms as mutually agreeable as between or among GMRS, Old Dominion and Mapfre, subject to any separate agreement between GMRS and Old Dominion, Old Dominion agrees to fund the settlement costs hereunder, reserving its rights to seek reimbursement of such amounts as

36

provided for in any assignment agreement entered into between GMRS and Old Dominion, or otherwise as to such amounts to be paid by Old Dominion due to the failure or refusal of Mapfre to cover the claims at issue in the Actions and/or contribute to the Settlement Fund.

**10.4** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Actions were brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.5** The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.6** Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained in this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

**(a)** is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence or fault of the Released Parties, or any of them;

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

**(b)** is, may be deemed, or shall be used, offered, or received against the Settlement Class as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)** is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. If this Settlement Agreement is approved by the Court, any of the Parties or any of the Released Parties may file this Agreement and/or the Final Order in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)** is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

**(e)** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, or each and any of them, or

38

against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

      **10.7**    The headings used in this Agreement are used for the purpose of convenience only and are not meant to have legal effect.

      **10.8**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

      **10.9**    All of the Recitals and Exhibits to this Agreement are material and integral parts of it and are fully incorporated into this Agreement by this reference.

      **10.10**   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matter set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

      **10.11**   Except as otherwise provided in this Agreement, each Party shall bear its own attorney's fees and costs.

      **10.12**   All Parties represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

      **10.13**   Each counsel or other Person executing this Settlement Agreement, any of its

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

Exhibits, or any related settlement documents on behalf of any Party to this Agreement warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.14**   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.15**   This Settlement Agreement shall be binding on, and inure to the benefit of, the successors and assigns of the Parties to this Agreement and the Released Parties.

**10.16**   This Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties to this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.17**   All proceedings in the Actions shall be stayed and abated following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement. Pending determination of whether the Settlement Agreement should be granted final approval, the Parties in the Actions agree not to pursue any claims or defenses otherwise available to them.

**10.18**   Whether or not the Settlement Agreement is signed or otherwise approved or if this Settlement Agreement is terminated, neither this Settlement Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement may be deemed, or shall be used, offered or received against the

40

Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them. Additionally, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed a waiver of GMRS' right to challenge class certification if this Settlement for any reason does not become Final, or is or may be deemed to be a waiver of GMRS' right to seek to enforce any arbitration provision against Settlement Class Members who opt out of the Settlement.

**10.19**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

**10.20**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.21**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel by email to their designated accounts in the Actions, certified mail in care of the United States Postal Service (USPS) or by overnight mail in care of the USPS or such recognized commercial carrier as Federal Express, UPS or the like with proof of delivery:

**(a)**   For Plaintiffs: Steven L. Woodrow, Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Avenue, Suite 300, Denver, Colorado 80210, swoodrow@woodrowpeluso.com; ppeluso@woodrowpeluso.com,  with copies to their local

41

counsel in the Actions

**(b)** For GMRS: Steven G. Schwartz, Schwartz Law Group, 6751 N. Federal Highway, #400, Boca Raton, Florida 33487, sgs@theschwartzlawgroup.com, cml@theschwartzlawgroup.com; and

**(c)** For Old Dominion: Jeffrey Blaker, Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow, Schefer, Gutterman, Kraft, Klein, 1801 Centrepark Drive East, Suite 200, West Palm Beach, Florida 33401, jblaker@conroysimberg.com.

**ROBERT MARTIN**

_____

Date: _____

**KRISTIN ARMSTRONG**

_____

Date: _____

**NICOLE ZILVETI**

_____

Date: _____03/17/2016_____

42

Doc ID: f57604ea185f1f305bf39b4ade80030d307f4c8f

**ALICIA THOMPSON**

_____

Date: _____

**WOODROW & PELUSO, LLC**

By: _____

Title: _____

Date: _____

**LAW OFFICE OF STEFAN COLEMAN, LLC**

By: _____

Title: _____

Date: _____

**SCHWARTZ LAW GROUP**

By: _____

Title: _____

Date: _____

**GLOBAL MARKETING RESEARCH SERVICES, INC.**

By: _____

Title: _____

Date: _____

**OLD DOMINION INSURANCE COMPANY**

By: _Bill Brem_

Title: _Corporate Litigation Manager_

Date: _3/18/2016_

**ALICIA THOMPSON**

Date: _____03/17/2016_____

**WOODROW & PELUSO, LLC**

By: _____

Title: _____

Date: _____

**LAW OFFICE OF STEFAN COLEMAN, LLC**

By: _____

Title: _____

Date: _____

**SCHWARTZ LAW GROUP**

By: _____

Title: _____

Date: _____

**GLOBAL MARKETING RESEARCH SERVICES, INC.**

By: _____

Title: _____

Date: _____

43

counsel in the Actions

**(b)**    For GMRS: Steven G. Schwartz, Schwartz Law Group, 6751 N. Federal Highway, #400, Boca Raton, Florida 33487, sgs@theschwartzlawgroup.com, cml@theschwartzlawgroup.com; and

**(c)**    For Old Dominion: Jeffrey Blaker, Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow, Schefer, Gutterman, Kraft, Klein, 1801 Centrepark Drive East, Suite 200, West Palm Beach, Florida 33401, jblaker@conroysimberg.com.

**ROBERT MARTIN**

Robert Martin

Date:  03/17/2016

**KRISTIN ARMSTRONG**

Date:

**NICOLE ZILVETI**

Date:

42

Doc ID: 43fe4d01be191270b767ad5c55715d7a4464fda7

**ALICIA THOMPSON**

_____

Date: _____

**WOODROW & PELUSO, LLC**

By: _____ _Shy J Woodrow_ ____

Title: ___ _Managing Partner_ ___

Date: ___ 3 / 18 / 16 ___

**LAW OFFICE OF STEFAN COLEMAN, LLC**

By: _____ _Stefan Coleman_ _____

Title: _____ Lawyer, Managing Member _____

Date: _____ 03 / 17 / 2016 _____

**SCHWARTZ LAW GROUP**

By: _____

Title: _____

Date: _____

**GLOBAL MARKETING RESEARCH SERVICES, INC.**

By: _____

Title: _____

Date: _____

43

# EXHIBIT A

<u>UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA</u>

## If You Received a Call on Your Cellular Telephone from Global Marketing Research Services, Inc., ("GMRS") You Could Be Entitled to a Payment from a Class Action Settlement.

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

- A Settlement has been reached in a putative class action lawsuit about whether GMRS made calls to cellphone users without first receiving express consent to do so. GMRS is referred to as the "Defendant."

- Those included in the Settlement will be eligible to receive a payment of up to $15 (the actual amount, if any, of the payments will be based on the number of valid claim forms submitted, administrative costs, and any incentive awards or attorneys fees and expenses approved by the Court). You may also have the opportunity to remove your cell phone number from the database of cell phone numbers to which calls could be made in the future by Defendant.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment of up to $15. |
| **EXCLUDE YOURSELF** | You will not receive any benefits, but you will retain any rights you may currently have to sue the Defendant about calls made to you. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Gregory A. Presnell of the U.S. District Court for the Middle District of Florida is overseeing this case. The case is known as *Martin v. Global Research Services Inc.* ("GMRS") 6:14-cv-1290-GAP-KRS. The settlement also resolves two other lawsuits: (1) *Thompson v. Global Marketing Research Services, Inc.*, 2:15-cv-03576-AB which was filed in the Eastern District of Pennsylvania and has since been transferred to the Middle District of Florida as Case No. 6:16-cv-306-Orl-31DAB, and (2) *Zilveti v. Global Marketing Research Services, Inc.*, 3:15-cv-02494-KAW, in the Northern District of California. The persons who sued are called the Plaintiffs/Class Representatives. The Defendant in all three cases is GMRS. The Plaintiffs and Defendant are referred to in this notice as the Parties.

### 2. What is a Class Action?

In a class action, one or more named plaintiffs called Class Representatives (in these three cases, Robert Martin, Kristin Armstrong, Nicole Zilveti, and Alicia Thompson) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who may request to be excluded from the Class.

### 3. What is this Lawsuit about?

This lawsuit alleges that GMRS made calls to cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Class Representatives claim that GMRS called cellphone users without their prior express consent to conduct its research surveys. GMRS denies that it violated any laws and asserts several defenses, including that the TCPA is unconstitutional as applied, that its calls were political calls, and that it obtained prior implied consent to make such calls based on voter registration lists where the voter applicants published their cell numbers.

### 4. Why is there a Settlement?

The Court has not decided who is right or whether the Plaintiffs or the Defendant would win the case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than years from now, if at all.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

You are in the Settlement Class if you received cellphone call from GMRS from August 10, 2010 to December 31, 2014.

For the full definition of the Settlement Class, please see the Settlement Agreement, which is available at www.[settlementwebsite].com.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Defendant has agreed to pay a collective Settlement Fund of up to $10,000,000.00. The cost to send notice to the Class and administer the Settlement as well as attorneys' fees and payments to the Class Representatives will come out of this amount (*see* Question 13). The amount remaining after deducting these costs will be used to pay the claims of eligible Class Members who submit valid claims up to the full amount of $15.00, and reduced pro rata if there are insufficient funds, based on the costs above and the number of claims, to make full payment.

***Protection from Future Unauthorized Messages:*** GMRS has agreed to use commercially reasonable efforts to not in the future make autodialed calls to cellphone users who have not given their prior express consent to receive such calls from GMRS.

***Removal Request:*** The Claim Form will provide you an opportunity to remove your cell phone number from the GMRS database of cell phone numbers to which calls could be made by or on behalf of GMRS.

The Settlement Fund exhausts Defendant's insurance policies. Class Counsel has confirmed that neither Defendant nor its insurer can meaningfully contribute further to the Settlement Funds and that the Class is receiving access to the maximum amount available from any available source.

### 7. How much will my payment be?

If you are a member of the Class and the Court gives final approval to the Settlement, you may be entitled to receive up to $15.00. The exact amount of your payment may be less than $15.00 and will depend on the total number of valid claims that are filed. The Class is estimated to include approximately 688,500 cellphone users. Your payment may be reduced if the amount required to pay all valid claims made by Settlement Class Members exceeds the amount available in the Fund, and in such event each Class Member who filed a valid claim shall receive a reduced pro rata payment amount.

You may only make one claim, regardless of how many calls were received by your cellphone.

### 8. When will I get my payment?

You should receive a check from the settlement administrator within 60-90 days after the Settlement has been finally approved and any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

**9. How do I get benefits?**

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form, under penalty of perjury, by **[CLAIMS DEADLINE]**. The Claim form can be found at www.[settlementwebsite].com or by calling, toll free, 1-800-000-0000. The Claim Form can be submitted online at the website or by mail. There is only one claim per cellphone number. Only the person whose name appears on the billing statements of the wireless account or the primary user for the phone at which the calls at issue were received can submit a Claim Form.

We also encourage you to submit your claim electronically. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue GMRS for the claims being resolved by this Settlement. The specific claims you are giving up against GMRS are described in Section __ of the Settlement Agreement. You will be "releasing" the Defendant and all related people as described in Section __ of the Settlement Agreement. Unless you exclude yourself (*see* Question 15), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available at www.[settlementwebsite].com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Questions 12 and 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**11. What happens if I do nothing at all?**

If you do nothing, you won't get any payment from this Settlement. But, unless you exclude yourself, you won't be able to sue the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC to be the lead attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may also enter an appearance though an attorney if you so desire.

**13. How will the lawyers be paid?**

The Parties have agreed that Class Counsel is entitled to an award of reasonable attorneys' fees to be determined by the Court. Class Counsel will file a Motion for Reasonable Attorneys' Fees and for Reimbursement of Expenses. The Defendant has reserved its right to object to the amount sought. Both Class Counsel's Motion for Reasonable Attorneys' Fees and for Reimbursement of Expenses and any objections of the Defendant will be posted on the Settlement Website. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Additionally, and also subject to approval by the Court, Defendant has agreed to pay $5,000 to each of the four Class Representatives ($20,000 total) from the Settlement Fund for their services in helping to litigate and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that <u>you want to be excluded</u> from the settlement in *Martin v. Global Research Services Inc.*, 6:14-cv-1290-GAP-KRS. Your letter or request for exclusion must also include your name, your address, the phone number that received the relevant cellphone calls, the approximate year you received such cell call(s), and your signature. You must mail your exclusion request so that it is postmarked no later than [Objection/Opt Out Deadline] to:

Settlement Administrator
*Martin v. Global Marketing Research*
6:14-cv-1290-GAP-KRS
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

The Court will exclude from the Class any Class Member who timely and properly requests exclusion.

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue GMRS for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive consideration for payment of any settlement amount and you should not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you are a valid  Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to the Settlement in *Martin v. Global Research Services Inc.*, 6:14-cv-1290-GAP-KRS and identify all your reasons for your objections (including citations to any legal authorities and supporting evidence) and attach any materials you rely on for your objections. Your letter objection must also include your name, your address, your cellular telephone number that received the  telephone call(s), the approximate year in which you received such cell calls and your signature.

Class Counsel will file with the Court and post on this website its Motion for Reasonable Attorneys' Fees and for Reimbursement of Expenses at least two weeks prior to the objection deadline.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your objection. You must mail your objection to the following three different places postmarked no later than **Month 00, 2016**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| The Honorable Gregory Presnell<br>c/o Clerk of the Court<br>US Courthouse<br>410 West Central Blvd.<br>Orlando, FL 32801<br>(407) 835-4200 | Steven Woodrow, Esq.<br>Class Counsel<br>Woodrow & Peluso, LLC<br>3900 East Mexico Ave.<br>Ste. 300<br>Denver, CO 80210<br>(720) 213-0675 | Steven G. Schwartz, Esq.<br>Schwartz Law Group<br>6751 N. Federal Highway #400<br>Boca Raton, FL 33487<br>(561) 395-4747 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at [time] on **Month 00, 2016** in Courtroom xx of the US Courthouse, 410 West Central Blvd., Orlando, FL 32801. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Classes; to consider the Class Counsel's Motion for Reasonable Attorneys' Fees and for Reimbursement of Expenses and any objections thereto, and to consider the request for an incentive award to Class Representatives in the amount of $5,000 each. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check www.[settlementwebsite].com or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it is not required.

### 21. May I speak at the hearing?

This is up to the Judge. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Martin v. Global Research Services Inc*., 6:14-cv-1290-GAP-KRS." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be postmarked no later than **Month 00, 2016**, and be sent to the addresses listed in Question 17. You must also state in your objection that you plan on appearing at the hearing.

## GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the full Settlement Agreement. You can get a copy of the Settlement Agreement at www.[settlementwebsite].com. You may also write with questions to the Settlement Administrator at P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-720-213-0675, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

# EXHIBIT B

**Legal Notice**

*Martin v. Global Research Services Inc.*
6:14-cv-1290-GAP-KRS (M.D. FL)
Settlement Administrator
[Address Line 1]
[Address Line 2]
[Address Line 3]

First
Class
Postage
Permit

## ATTENTION! If You Received

## A Call On Your Cellular Telephone

## From Global Marketing Research

## Services, Inc.

## From August 10, 2010 to

## December 31, 2014

## You Are Part of a Class Action

## Settlement

## Learn More At:

## www.[websiteURL].com



Postal Service: Please do not mark barcode

ABC-1234567-8

First Last
Address1
Address2
City, State, Zip Code

**Summary Notice**

You are receiving this notice because you have been identified as a settlement class member in *Martin v. Global Research Services Inc.* ("GMRS") 6:14-cv-1290-GAP-KRS, pending in the U.S. District Court for the Middle District of Florida. The Court has preliminarily approved a settlement that could impact your legal rights, whether you act or not. This is only a summary of the Full Notice. Visit www.[website].com to read the Full Notice, submit a Claim Form, to view important court dates and documents.

**Nature of the Action.** This lawsuit alleges that GMRS made calls to cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Class Representatives claim that GMRS called cellphone users without prior express consent. GMRS denies that it violated any laws and asserts several defenses, including that the TCPA is unconstitutional as applied, that its calls were political calls, and that it obtained prior implied consent to make such calls from voter registration published lists of cell numbers. The Court has not determined who is right Rather, you are receiving this legal notice because your rights may be impacted by the settlement.

**How Do I Know if I am a Class Member?** You fall into the definition of the Settlement Class if you answered a call on your cellphone when called by GMRS for a any purpose from August 10, 2010 through December 31, 2014.

**What are My Options?** You may submit a Claim Form to be paid up to $15.00 (reduced pro rata if certain fund limits are exhausted). You can discuss the case with Class Counsel. You may also enter an appearance though an attorney if you so desire. You may also request to be excluded, and the Court will exclude any member who timely requests exclusion. To request exclusion, you must mail a signed statement that says "I wish to be excluded from *Martin v. Global Research Services Inc.* ("GMRS") 6:14-cv-1290-GAP-KRS" to the Settlement Administrator, postmarked by [opt-out/objection deadline]. Specific information is available at www.websitecom. If you do nothing you will be in the Class and you will also be bound by all orders and judgments of the Court entered under Rule 23(c)(3). If you request exclusion, you will not be able to participate in the settlement.

**Who Represents Me?** The Court has approved Steven L. Woodrow and Patrick Peluso of Woodrow & Peluso LLC to be the attorneys representing the Class in this case. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. You may also hire your own lawyer at your own expense.

**How Do I Get More Information?** For more information about the proposed settlement and a copy of the full Notice and Claim Form, go to www.[website].com, contact the Settlement Administrator at [toll free #] or [Address] or call Class Counsel at (720) 213-0675.

*Martin v. GMRS*, Case No. 15-cv-82

**TO SUBMIT A CLAIM FORM, VISIT:**
**www.[websiteurl].com**

To request exclusion, submit your signed statement that says "I wish to be excluded from *Martin v. Global Research Services Inc.* ("GMRS") 6:14-cv-1290-GAP-KRS" to:

Settlement Administrator
*Martin v. Global Marketing Research*
6:14-cv-1290-GAP-KRS
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

For all other inquiries, contact Class Counsel at:

*Martin v. Global Marketing Research*
6:14-cv-1290-GAP-KRS
Class Counsel
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
(720) 213-0675
swoodrow@woodrowpeluso.com

**www.[websiteurl].com**

# EXHIBIT C

## Global Marketing Research Services, Inc. TCPA Settlement CLAIM FORM

Return this Claim Form to: Settlement Administrator, [address]. Questions, visit www.[website].org or call [toll free number]

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE], BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you received one or more telephone calls on your cellphone from Global Marketing Research Services, Inc ("GMRS") you may be entitled to a monetary settlement payment of up to $15, or a lesser *pro rata* share (the actual amount of payments will be based on the number of valid claim forms submitted), if the settlement is finally approved by the Court. If the settlement is approved, each class member, whether or not he or she submits a claim, will release the Defendant and related entities, and all their officers, agents, employees, and those who may have provided your cell number to GMRS for any calls made to you, from any and all claims as a result of the making of the phone calls that are the subject of this litigation. Only the primary user or owner of the wireless account upon which the calls at issue were received can submit this Claim Form. Only one claim per wireless account holder is allowed, regardless of how many calls were received or how many cell phone numbers are included on the wireless account. **YOU MUST SUBMIT THIS CLAIM FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that: (1) you received at least one call on your cellphone from GRMS between August 10, 2010 and December 31, 2014; and (2) prior to receiving the call(s), you did not expressly consent to receive the call(s).

Visit www.[website].org for complete information.

| YOUR CONTACT INFORMATION |
|---|

**Name**: _____    _____    _____
                        *(First)*                                  *(Middle)*                        *(Last)*

**Address**: _____
(You must provide a street address. A P.O. box will not be accepted.)
                                                                *(Street)*

_____    _____    _____ ___ ____ ___ ____
*(City)*                                                      *(State)*            *(Zip Code)*

**My Cell Phone Number at the time I received the Call(s): (** ___ ___ ___**)** ___ ___ ___ – ___ ___ ___ ___
Approximate Month(s) and Year(s) in which I received a call from GMRS to conduct some research survey: _____ - _____
(This information will be checked against a list of numbers that received the calls at issue.)

**My Current Phone Number: (** ___ ___ ___**)** ___ ___ ___ – ___ ___ ___ ___   **or** ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

| Prohibition of Future Messages |
|---|

I would like my above-listed cell number removed from any database of numbers to which phone calls could be made by GMRS:
Yes ☐  No ☐

| Class Member Verification |
|---|

By submitting this claim form and checking the boxes below, I declare under penalty of perjury that I am a member of the Class and that the following statements are true (check each box that applies):
☐ I received one or more calls(s) from GMRS during the time period(s) listed above.
☐ All information provided in this Claim Form is true and correct.

Additional information regarding the settlement can be found at **[website.com]**.

The Claims Administrator may audit any and all claims. Persons knowingly making false claims may be subject to civil or criminal penalties. **I declare under penalty of perjury that the foregoing is true and correct.**

Signature: _____    Date: _____

Print Name: _____

Your claim will be submitted to the Settlement Administrator for review, if accepted you will be mailed a check for $15 or a lesser *pro rata* share. This process takes time, please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. FILE ONLINE AT: www.[website].org OR MAIL THIS CLAIM FORM TO: Claims Administrator, [Address].**