UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT MARTIN and KRISTIN )
ARMSTRONG individually and on behalf )
of all others similarly situated, )
)
Plaintiffs, )
) Case No. 6:14-cv-1290-GAP-KRS
v. )
) CLASS ACTION
GLOBAL MARKETING RESEARCH )
SERVICES, INC., a Florida corporation, )
And JOHN DOES 1-100, )
)
Defendants. )

**<u>DEFENDANT'S MOTIONS FOR EXTENSION TO REPLY TO PLAINTIFFS' FEES MOTION TO SET EVIDENTIARY FEES HEARING AND TO COMPEL FEES DISCOVERY RESPONSES WITH SUPPORTIVE MEMORANDUM OF LAW</u>**

Defendant Global Marketing, by and through undersigned counsel, pursuant to Middle District Rules 3.01, 3.04 and 4.18, moves for an extension of time to serve its reply/objections to Plaintiffs' Motion for award of attorneys' fees and expenses, to set an evidentiary hearing to determine such fees and costs, and, to compel responses to prior-served fees-related discovery. In support, Defendant states:

**<u>Relief Requested:</u>**

a. Grant Defendant an extension of thirty (30) days beyond July 15, 2016 (current due date) to serve its objections to Plaintiffs' counsel's fees/costs Motion filed July 1, 2016;

b. Set a half-day evidentiary hearing to determine a reasonable award for Plaintiffs' counsel's claimed fees and costs; and

c. Order Plaintiffs' counsel to provide full responses to Defendant's prior-served fees-related discovery and to have counsel and their fees expert appear for pre-hearing

depositions on expedited basis to narrow triable issues for determination of reasonable attorneys' fees.

**Statement of Basis for Relief Requested:**

1. Following initial pleadings and limited paper discovery, the parties settled this TCPA cell phone calls class action without agreement as to Plaintiffs' counsel's claims for attorneys' fees and costs. This settlement preserved Defendant's objections to such claims, reserving to this Court a decision as to the amount on proper evidence. (See Settlement Agreement, ¶ 8.1, DOC 97-1).

2. By Motion served on July 1, 2016, [DE 105], Plaintiffs' counsel have petitioned for a patently excessive fee award of $3,000,000, that their fees ought to be a 30% contingency fee of the "recovery" on the fiction there would be the presentation of claims by 100% of all possible people who may have answered the disputed unwanted cell calls included in the class definition such that the amount recovered is $10,000,000.

3. The amount to be paid to any valid claimant is only $15.00. After more than two months of aggressive Class Notice by national direct mailings and other publication of this class action settlement the actual recovery here, the actual number of people who have presented any claims, is less than one percent (1%) of the total potential pool of claimants thus the amount of claims to be paid is less than $80,000. See latest Statistics Report dated July 1, 2016 by Court-appointed Class Action Claims Administrator KCC, attached as **Exhibit A**. Thus a fee demand of $3 Mil is more than 37 times the amount recovered for counsel's "clients."

4. Apart from Rules of Professional Conduct prohibiting excessive contingency or hourly fees, Plaintiffs' fees Motion raises substantial evidentiary questions as to what work they actually performed, why multiple lawyers were involved and their loadstar hours and hourly rates being claimed to support their fees.

5. The undersigned starts a two week special set jury trial in Broward County Circuit Court on July 18, 2016 in the matter of <u>Carmela Padula v. Gastright Enterprises, Inc.</u>, Case No. 06-2010-CA-044697-AXXX-CE (5). Counsel also has multiple other special set hearings and proceedings in other long-pending cases over the next two weeks in addition to preparation time necessary for the <u>Gastright</u> trial. This $3 Mil fees Motion will require extensive time to prepare proper objections with needed submissions to contest such claims. Defendant cannot adequately reply to Plaintiffs' fees Motion by July 16 (the Saturday before start of the other trial) as contemplated by the Court's Scheduling Order [DE 98]. An extension of 30 days is requested but to be clear this would in effect only provide about 10 days of additional time to prepare objections; any lesser extension would set the due date within the time the undersigned will be in his other trial and thus of no relief at all.

6. The sheer size of this fees claim and the many substantive issues presented merit an evidentiary fees hearing with fair opportunity to cross examine counsel and their fees expert. It is reasonably anticipated such an evidentiary hearing would require a half-day setting.

7. While the final settlement approval hearing is presently set for August 16, 2016, there is no reason this fees award must be determined by that date. The sole party affected by this fees award is Defendant and its insurer, Old Dominion Insurance Company. Due to the small number of provable, presented claims being less than 1 percent of the total potential class, there is no possible outcome where the fees/costs award might reduce any one claimant's payout. Thus, none of the potential claimants have any true vested interest in the amount to be awarded because Defendant and its insurer are solely responsible to pay it.

8. The present schedule contemplates the claims presentation process will run through September 30, 2016 with additional time thereafter to address possible challenges to some of the claims presented and yet additional time for the approval/payment process. There is

no reason the fees hearing could not be conducted in September. Alternatively, a half-day evidentiary fees hearing with live testimony and cross examination of Plaintiffs' counsel and experts on both sides should be set coincident with the August 16, 2016 Final Hearing as to Settlement Approval.

9. Neither the Settlement Agreement or the Order for its preliminary approval prohibited fees-related discovery. Such discovery is common in these fees disputes especially where the amount being claimed is in the Millions. Defendant served Plaintiffs' counsel with limited fees-related Interrogatories and Requests for Production. See **Exhibit B and Exhibit C**. Responses would be due July 8, 2016. Plaintiffs' counsel Steven Woodrow has already advised they object to any fees-related discovery and noted their objections in their fees Motion, thereby making ripe this Motion to Compel. The statements in their fees Motion [DE 105, pg. 28, fn. 9] that counsel can present proof of their time at the approval hearing and that this fees discovery is premature, are circular in their objections. In effect counsel takes the position they are immune from any challenge to their fees claim despite Defendant's preserved right to raise objections. Counsel suggests instead that their fees ought to be decided in a hearing with surprise evidence. Plaintiffs' should be ordered to serve full and complete responses to this discovery no later than July 8. Plaintiffs' lead counsel and their fees expert should also be directed to appear for their depositions no later than July 12, 2016 (or such later dates no less than 20 days prior to any extended due date for the Defendant's objections to their fees Motion, dependent upon the grant of the Defendant's requested extension to serve its objections).

10. There is no prejudice to Plaintiffs' counsel nor to the representative Plaintiffs themselves in granting any of this relief.

11. Counsel certifies per Local Rule 3.01(g) that a good faith attempt to resolve the matters raised and relief requested in this Motion has been attempted with lead Class Counsel

Steven Woodrow without success. Further, Plaintiffs' own fees motion states their refusal to comply with any fees discovery previously served.

WHEREFORE, Defendant Global Marketing respectfully requests:

    a.    An extension until August 15, 2016 to serve its reply/objections to Plaintiffs' Motion for fees and costs;

    b.    An evidentiary half-day hearing for this fees/costs claim to be set in September or, in the alternative concurrent with the Settlement Approval Hearing on August 16, 2016;

    c.    An Order directing Plaintiffs' counsel to serve forthwith, full and complete responses to Defendant's fees-related interrogatories and requests for production;

    d.    An Order requiring Plaintiffs' counsel and their fees expert to appear for their depositions in person or by other means at least five (5) days prior to the due date for Defendant's objections to Plaintiffs' fees Motion; and

    e.    All such other relief as the nature of these Motions and justice require.

Dated: July _5_, 2016.

                                    GLOBAL MARKETING RESEARCH
                                    SERVICES, INC., Defendant,

                                    By: _/s/ Steven G. Schwartz_
                                    Steven G. Schwartz, Esquire
                                    Florida Bar No. 911471
                                    Schwartz Law Group
                                    6751 N. Federal Highway, #400
                                    Boca Raton, Florida 33487
                                    Ph: (561) 395-4747
                                    Fx: (561) 367-1550
                                    Email: sgs@theschwartzlawgroup.com
                                    Email: cml@theschwartzlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant(s).

*Steven G. Schwartz, Esquire*

## SERVICE LIST

**Counsel for Plaintiffs Robert Martin and Kristin Armstrong**

Stefan L. Coleman, Esq.
Law Offices of Stefan Coleman, PLLC
201 S. Biscayne Blvd., Floor 28
Miami, Florida 33131-4309
Ph: (877) 333-9427
Fx: (888) 498-9846
Email: law@stefancoleman.com

**Pro Hac Vice Counsel for Plaintiffs Robert Martin and Kristin Armstrong**
Steven L. Woodrow, Esq.
Patrick H. Peluso, Esq.
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Ph: (720) 213-0675
Email: swoodrow@woodrowpeluso.com
Email: ppeluso@woodrowpeluso.com

Copies to:

David F. Hassett, Esq.
John M. Dealy, Esq.
Hassett and Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
Ph: (508) 791-6287
Fx: (508) 791-2652
Email: dhassett@hassettanddonnelly.com
Email: jdealy@hassettanddonnelly.com

l:\open files\200271\pleadings\gmrs-m ext to reply to fees mot-jg.docx