# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT MARTIN and KRISTIN ARMSTRONG, individually and on behalf of all others similarly situated,**

      **Plaintiffs,**

**v.**                              **Case No:   6:14-cv-1290-Orl-31KRS**

**GLOBAL MARKETING RESEARCH SERVICES, INC. and JOHN DOES 1-100,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Strike (Doc. 111) and the Motion for Clarification (Doc. 119) filed by the Defendant, Global Marketing Research Services, Inc. ("Global Marketing"), as well as the responses in opposition (Doc. 112, 122) filed by the Plaintiffs. Both motions revolve around the attorneys' fee request by Plaintiffs' counsel in this class action. The parties recently reached a settlement of all issues aside from the fee request; a final approval hearing is scheduled for August 16, 2016. Plaintiffs' counsel seek a fee of 30 percent of the $10 million common fund established by the settlement agreement.

Global Marketing seeks clarification as to whether the fee request is to be addressed at the final approval hearing and, if so, whether the Court will take evidence (including testimony) at the hearing. As discussed more fully below, the answer to both of these questions is "yes."

In the Motion to Strike, Global Marketing argues that the time sheets of Plaintiffs' counsel, which were provided to Defendant's counsel and this Court on July 6, 2016 in connection with the fee request, should be stricken as untimely. According to the timetable set in the order granting

preliminary approval of the settlement, the deadline for the motion for attorney's fees was 45 days prior to the final approval hearing.   (Doc. 98 at 4).   Counting backward 45 days from August 16, 2016 results in a deadline of Saturday, July 2, 2016 to submit the fee request.   July 4, 2016 was a federal holiday.   Thus, the Plaintiffs provided the time sheets on the second business day following the deadline for filing the fee application.   In the absence of prejudice resulting from this slight delay – and Global Marketing makes no such argument – striking of the time sheets is not warranted.

The Plaintiffs seek to have the time sheets be kept confidential by both opposing counsel and this Court.   Global Marketing argues that the settlement agreement requires that the time sheets be posted on the class action settlement website.   While the settlement agreement does not explicitly require the posting of any time sheets, it does require that the fee application be posted. *See, e.g.*, Doc. 97-1 at 34.   The Plaintiffs contend that analysis of time sheets is not required in a case, such as this, where the attorneys seek to recover a percentage of a common fund.   However, the United States Court of Appeals for the Eleventh Circuit has stated that in common fund cases where the requested fee exceeds 25 percent, the district court "is instructed to apply the twelve *Johnson* factors" when determining the reasonableness of the fee.   *Faught v. American Home Shield*, 668 F.3d 1233, 1242 (11th Cir. 2011) (citing *Camden I Condo. Assoc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir. 1991).   The *Johnson* factors are:

> (1) <u>the time and labor required</u>; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results *1243 obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)) (emphasis added).   Plaintiffs' counsel has requested a 30 percent fee.   Accordingly, determination of the reasonableness of such a fee will depend upon an assessment of the time and labor required, and the time sheets are obviously integral to that assessment.

The Court also finds that, regardless of what the settlement agreement requires or does not require to be posted, potential class members are entitled to make their own assessment.   Accordingly, the time sheets must be docketed and posted on the class action settlement website.   To provide potential class members sufficient time to make their assessment, the Plaintiffs shall file the time sheets and post them on the website by 5 p.m., Friday, August 5, 2016, and shall provide notice to potential class members that this has been done.   The Plaintiffs may redact any information from the time sheets that they believe to be privileged.[1]

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Strike (Doc. 111) is **GRANTED IN PART AND DENIED IN PART**.   The Defendant's request to strike the time sheets is **DENIED**; the Defendant's request to have the time sheets (and the information they contain) treated as non-confidential is **GRANTED,** with the understanding that the Plaintiffs may redact any privileged information.   Should the Defendant have objections to any of the redactions, it shall file them on or before noon on August 9, 2016.   And it is further

---

[1] The Defendant's fee expert has prepared a lengthy spreadsheet based on the (unredacted) time sheets.   (Doc. 119 at 3).   Should the Plaintiffs opt to redact the timesheets, they are instructed to provide the Defendant with a list of the redactions – such as, for example, a redline version of the time sheets – so that corresponding redactions can be made in the spreadsheet.

**ORDERED** that the Motion for Clarification (Doc. 119) is **GRANTED**, and the parties are notified that the issue of the reasonableness of the fee request by Plaintiffs' counsel will be considered at the final approval hearing scheduled for August 16, 2016, and the Court will be prepared to take evidence, including testimony, at that hearing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 3, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party