# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT MARTIN and KRISTIN ARMSTRONG,**

        **Plaintiffs,**

**v.**                                          **Case No:   6:14-cv-1290-Orl-31KRS**

**GLOBAL MARKETING RESEARCH SERVICES, INC.,**

        **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Non-Party Motion to Quash Subpoena (Doc. 132) filed by James Fallace.  Fallace, an attorney, formerly represented Defendant Global Marketing Research Services ("Global Marketing") in these proceedings, along with Anthony Diana, who was previously a Defendant in this matter.[1]  In his motion, Fallace states that he was served by Plaintiffs' counsel with a subpoena at his home on the evening of Friday, August 12, 2016.  The subpoena commanded him to appear and testify at a fee hearing in this case on the morning of Tuesday, August 16, 2016, and to bring any contracts between himself and Global Marketing, Diana, and Old Dominion Insurance Company, as well as "[a]ny and all billing records or timesheets reflecting the number of hours billed and your hourly rate in relation to [this] action or any related insurance action."  (Doc. 132 at 3).

---

[1] Though no longer representing them in this case, Fallace states that he has represented both Global Marketing and Diana since 1999 and continues to do so in regard to other matters.

Rule 45 of the Federal Rule of Civil Procedure governs subpoenas. Fallace contends that the efforts of Plaintiffs' counsel violated a number of the requirements of that rule, such as failing to include the attendance fee required by Rule 45(b)(1). However, most problematic here is the requirement of Rule 45(d)(1) that an attorney issuing or serving a subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subjected to the subpoena." Providing only a single business day for an attorney to gather and review years' worth of contracts and time sheets (the latter of which may well include privileged information requiring redaction) and to rearrange his schedule so as to travel out of town and testify does not satisfy the Rule 45(d)(1) standard.

Accordingly, it is hereby

**ORDERED** that the Non-party Motion to Quash (Doc. 132) is **GRANTED**, and the subpoena at issue is hereby **QUASHED**. The Court reserves jurisdiction to consider the issue of sanctions.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 15, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party